[Crim. No. 4816. Second Dist., Div. Two. Oct. 23, 1952.]

THE PEOPLE, Appellant, v. JOSEPH E. WHITLOW, Respondent.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Appellant.

Samuel L. Kurland for Respondent.

FOX, J.—Defendant, a licensed physician, was charged in an information with 22 violations of sections 11163 and 11164 of the Health and Safety Code. In October, 1950, defendant moved to reduce the offenses charged in Counts I, VII and XV to misdemeanors under section 11165 of the Health and Safety Code, as lesser included offenses. Upon the granting of this motion, defendant pleaded guilty to said misdemeanor offenses. No new or amended information was filed charging violation of section 11165 of the Health and Safety Code. The district attorney then moved to dismiss all other counts in the information, which motion was granted.

In December, 1951, following a substitution of counsel, defendant filed a notice of motion and petition to set aside the

judgment and to declare void and a nullity defendant's plea of guilty as to said Counts I, VII and XV on the grounds: (1) that said counts do not state a public offense because they do not charge that defendant did the acts complained of other than in the regular practice of his profession, and (2) that the offenses to which defendant pleaded guilty are not offenses necessarily included in section 11163 of the Health and Safety Code. In January, 1952, the court made an order vacating defendant's plea of guilty to Counts I, VII and XV and decreeing that the judgment based thereon was void. From this order the People appeal.

The charging portion of Count I, so far as here material, reads as follows: That defendant ". . . did then and there willfully, unlawfully and feloniously prescribe a narcotic, to-wit: 40 1/16 grain tablets of Dilaudid, a derivative of opium, to . . . who was not then and there under Defendant's treatment for a pathology or condition other than narcotic addiction . . ." Counts VII and XV charge violation of section 11163 in the precise manner of Count I, except as to the date of the offense and the name of the person for whom defendant prescribed the narcotic.

The decisive question is whether the offense described in section 11165 of the Health and Safety Code is one necessarily included in the information charging a violation of section 11163.[1] In our opinion it is not an included offense. "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512].) If, in the commission of acts made unlawful by one statute, the offender must always violate another, the one offense is necessarily included in the other. (*People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416].) Thus, before a lessor offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. (*People* v. *Greer, supra.*) It therefore follows that if an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the

---

[1]Section 11163 of the Health and Safety Code, so far as it is here pertinent, provides:

"Except in the regular practice of his profession, no person shall prescribe . . . a narcotic to or for any person who is not under his treatment for a pathology or condition other than narcotic addiction, except as provided in this division."

proof of the greater offense, the lesser cannot be held to be a necessarily included offense.

In the case at bar, the vital elements in establishing a violation of section 11165[2] consist of the issuance of a prescription which is false and fictitious. While no definition of the term "prescription" is contained in division 10, Health and Safety Code, the statutory language referring to prescriptions in section 11166, and in succeeding sections, indicates that the term implies a written instrument ordinarily used in ordering a drug or medical remedy. In Webster's New International Dictionary (2d ed., unabridged, 1947) the term "prescription" in its medical sense is defined as "A written direction for the preparation and use of a medicine . . ."

■ The gist of the offense condemned in section 11165, therefore, is the issuance of a writing purporting to be a prescription which is false or fictitious in any respect. It would be false if it contained untrue statements, such as an incorrect name or address. It would be fictitious, by way of example, if it were a complete forgery.

■ The gravamen of the offense defined in section 11163 as charged in the information is "to prescribe" a narcotic to or for a person not under treatment for a pathology or condition other than narcotic addiction. In this sense, the word "prescribe" means, according to Webster's (*supra*) ". . . to direct, designate or order the use of a remedy . . ." (See *Webb* v. *Lewald Coal Co.*, 214 Cal. 182, 186 [4 P.2d 532].) Thus, this offense may be committed without the use of a written prescription at all, as where a doctor in a hospital may prescribe or order a narcotic for a patient. Further, a written prescription for a narcotic may be in every respect regularly and accurately completed by a physician and yet the offense denounced in section 11163 may be committed.

■ It follows that since a violation of 11163 does not necessarily involve a violation of section 11165, because elements indispensable to the lesser are unnecessary to the greater, the lesser is not a necessarily included offense.

■ Plaintiff argues that by the use of the word "false" the element of good faith is injected into the crime defined in section 11165, so that where a prescription otherwise regular is used as the instrumentality for the violation of section 11163, the prescription is vitiated by the use to which it is

---

[2] Section 11165 of the Health and Safety Code reads:

"No person shall issue a prescription that is false or fictitious in any respect."

put and is transmuted into a "false" document. We find no merit in this attempt to infuse into the simple context of section 11165 semantic subtleties unwarranted by its language. "A writing which is genuine and contains no false statements of fact cannot be a 'false token or writing'." (*People* v. *Beilfuss*, 59 Cal.App.2d 83, 91 [138 P.2d 332].) "The term 'false writing' will not be construed to mean an unwarranted or false use of a genuine writing." (35 C.J.S. 643.)

In view of the foregoing conclusion it is unnecessary to consider the other question raised by counsel.

The order is affirmed.

McComb, Acting P. J., concurred.