427 P.2d 129

**STATE of Arizona, Appellee,**

v.

**Ernest Ruiz MARTINEZ, Larry Lee Hastings, and Jim Charles Willmon, Appellants.**

**No. 1690.**

Supreme Court of Arizona.

In Banc.

April 28, 1967.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., Norman E. Green, Pima County Atty., and Wm. J. Schafer, III, and Wm. T. Healy, Tucson, for appellee State.

Bailey, Franklin & Terlizzi, by Richard E. Bailey, Tucson, for appellants.

UDALL, Justice:

The defendants, Ernest Ruiz Martinez, Larry Lee Hastings and Jim Charles Willmon, were arrested in El Paso, Texas and brought to the Pima County jail. They were charged with one count of kidnapping and two counts of robbery. While in jail, defendants were taken from their cells and confronted with witnesses for the purpose of identification.

A motion to suppress illegally obtained evidence respecting identification of defendants was submitted just prior to trial. The motion was denied. The cause proceeded to trial and the jury returned a verdict of guilty on all counts. Defendants' motion for a new trial was denied and judgment was given on the verdict.

Defendants appeal, alleging as error the trial court's failure to grant the motion to suppress and the motion for a new trial. They contend the trial court should have suppressed the evidence concerning the identification of defendants because there was no forewarning as to the purpose of summoning defendants and none of the defendants were told in advance, or at any time, that they had the right to have counsel present, nor were they supplied with counsel during the confrontation.

Defendants argue that, "officers must inform the accused of their right to counsel or to remain silent or by analogy the right to refuse to be confronted in the particular manner in which these defendants were confronted while incarcerated without counsel."

In Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, the U. S. Supreme Court held that the defendant's constitutional rights had not been violated by a compulsory blood test and the admission of the evidence thereof against the defendant at trial.

This Court held in State v. Stelzriede, 101 Ariz. 385, 420 P.2d 170, 173, that the fingerprints of a suspect may be taken against her will and in the absence of her defense counsel without violating any federal or state constitutional privileges.

Logically then, defendants cannot complain of being made to stand, for the purposes of identification, without benefit of counsel. No testimony elicited from the defendants during the time they were identified by third parties was introduced at the trial. The identification procedure was routine and necessary to a determination as to whether the defendants should be held or released. Further there was nothing on which counsel could have advised the defendants, for the procedure did not involve any comment or communication on the part of the defendants. Therefore, we are of the opinion that identification techniques as properly employed by law enforcement agencies do not violate the rights of an accused.

Defendants' second contention is that the lower court erred in not granting a new trial due to the conduct of the County Attorney in allegedly casting unfair insinuations on the defendants regarding the possession or ownership of a shotgun. During the trial the County Attorney cross-examined the defendant Ernest Ruiz Martinez, as follows:

"Q What did you do with the shotgun, Mr. Martinez?

"A Well, I don't own a shotgun.

"Q Did you go to El Paso on this bus?

"A Yes.

"Q Where did you stay?

"A At a hotel.

"Q What is the name of the hotel?

"A I don't really know.

"Q Would you describe it to us, please.

"A It is a hotel on the same street where the bus depot is; as you go upstairs, it is a simple little hotel. We got there at 5:00 o'clock in the morning and we was tired. We stayed there the rest of the night.

"Q You don't recall leaving the shotgun at the hotel in El Paso?

"BY MR. GILES: I object to the misleading question.

"A I don't own a shotgun, like I said.

"BY THE COURT: Just a minute.

"BY MR. GILES: He assumed that he owns a shotgun and he just answered that he didn't.

"BY THE COURT: Objection sustained.

"Q Did you and Mr. Hastings have a shotgun in El Paso?

"BY MR. GILES: The same objection.

"A None of us had a shotgun.

"BY THE COURT: Just a minute.

"BY MR. COUSER: There is no foundation for this question.

"BY THE COURT: Objection sustained."

■ This Court has held that counsel by making an unwarranted attack upon the defendant's reputation without any attempt to prove the truthfulness of the involved matters may be guilty of conduct which, if sufficiently prejudicial, would justify a reversal. State v. Singleton, 66 Ariz. 49, 182 P.2d 920. We do not feel that the above-quoted portion of the transcript evidences wrongful or prejudicial conduct by counsel.

A witness had previously testified that three men approached him at a gas station and that one of the men had held a gun and pointed it at him. The defendant Martinez was identified by this witness as having been the man holding the gun. Further the defense counsel in his direct examination had asked Martinez whether he had owned any weapons on the night in question, to which Martinez answered in the negative.

On these facts we must conclude that the prosecution was properly conducting a test of the defendant's credibility on a matter which had been the subject of conflicting testimony.

Affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.