424

466 P.2d 378

**The STATE of Arizona, Appellee,**

v.

**Benito Macias GOMEZ, Appellant.**

**No. 1436–2.**

Supreme Court of Arizona,
In Banc.

March 9, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., for appellee.

Leon Thikoll, Tucson, for appellant.

McFARLAND, Justice:

Appellant Benito Macias Gomez—hereinafter referred to as defendant —was convicted of burglary in the first degree by a Pima County Superior Court sitting with a jury, and sentenced to twelve to fifteen years in the state penitentiary. From this conviction he appeals.

This case has been before this Court previously [96 Ariz. 39, 40 P.2d 593]. In a per curiam opinion we stated that:

"On examination of the record and transcript we find no reversible error."

On March 25, 1969, pursuant to a petition for Writ of Habeas Corpus filed by defendant, this Court treated the petition as a Motion for Reconsideration of the case, granted the motion, and directed the Superior Court of Pima County to appoint counsel for him.

The court appointed counsel who represented the defendant at the trial, and who also represented the defendant on the first appeal. At that time counsel advised this Court by written communication that he had searched the record—including the transcript of testimony—and was unable to find grounds on which an appeal could be based. Defendant was apprehended by Tucson police officers as he emerged from a rear window of Garcia's Cleaners at 159 South Main Street in Tucson at approximately 3:30 a. m., September 6, 1963.

We pointed out in our per curiam decision that the defendant based his defense on a lack of intent, contending that he was so drunk that he was not capable of forming an intent. He did not take the stand himself, but called other witnesses to support this contention. Counsel for de-

fendant did not claim then, and does not now claim, there was any error in the introduction of the evidence. He has only changed his position in that he now states that the court erred in the giving of instructions.

We shall take up the questions presented in regard to the instructions in the order presented in his brief.

Defendant first contends that the trial court erred in giving the jury the following instruction, which instruction had not been requested by defendant:

> "I further instruct you, ladies and gentlemen, that a defendant in a criminal case may be a witness on his own behalf, but is not compelled to be so, and the failure of this defendant to take the witness stand in his own behalf cannot in any manner prejudice him or be in anywise considered by you in arriving at a verdict in this case. In other words, it is the duty of the State of Arizona to prove the guilt of this defendant, the same as any other person charged with crime, and when a person charged with crime does not take the witness stand, then a jury cannot and must not consider that as against the defendant in arriving at a verdict".

Defendant states that this instruction was error in that it constituted comment by the court on his refusal to take the stand. In State v. McAlvain, 104 Ariz. 445, 454 P.2d 987, in which no request was made for an instruction on the failure of the defendant to testify, we said:

> "It is our position that it is better practice for the trial judge to give the instruction only if it is requested by the defendant, but it is not reversible error if the instruction is given without request."

 The record shows that the court indicated to the counsel what instructions would be given—which included the one on failure of the defendant to take the stand. Counsel made no objection at that time, and, although offered an opportunity at the conclusion of the instruction to record any objections he might have to instructions, the defendant made no objection to the instruction on his failure to take the stand. Under these circumstances, the giving of the instruction was not reversible error.

The defendant next contends that the trial court erred in refusing to instruct the jury that criminal trespass as defined in § 13–712(9), A.R.S., is a lesser-included offense in the crime of burglary. Sec. 13–712(9), A.R.S., as amended, defines criminal trespass as:

> "Loitering or prowling upon the private property of another, without the consent of or lawful business with the owner or occupant thereof. As amended Laws 1962, Ch. 71, § 1."

Black's Law Dictionary, Fourth Edition, 1951, defines "loiter" as "To be dilatory; to be slow in movement; to stand around or move slowly about; to stand idly around; to spend time idly; to saunter; to delay; to idle; to linger; to lag behind." Webster's Third International Dictionary defines "prowl" as: "To move about or wander stealthily; as a wild beast seeking prey; to pace or roam about furtively."

 It is plain that loitering or prowling does not include an element of forcible entry. In the instant case the evidence showed that the building had been entered by forcibly tearing open a wire screen and breaking open a plaster wall. For this reason the defendant's position that an instruction on trespass being a lesser-included offense in the crime of burglary must be rejected.

 The next question raised by the defendant is whether the court erred in failing to give a voluntariness instruction to the jury. Counsel for defendant stated that both at the time of the trial and at the time of writing his brief he:

> "* * * felt that the statements of the defendant at the time of his arrest did not amount to 'confessions' and that therefore, no instruction on voluntariness of confessions need be given to the jury * * *."

The record shows that counsel for defendant objected to the giving of the voluntariness instruction, stating defendant:

"\* \* \* specifically objects to the Court giving the routine instructions on a written confession on the basis that the statement in this case is an admission rather than a confession.

"\* \* \* And further waives the right of later claiming that failure of the Court to give such an instruction would be fundamental error."

Counsel now contends that the giving of the instruction was a constitutional right, and he had no authority to waive this constitutional right, and that this would have had to be done by the defendant personally. The submission of and objection to instructions is a part of trial strategy, much the same as counsel's intentional failure to object to the introduction of "tainted" evidence. See Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

The giving or refusal of instructions is largely governed by the civil rules of procedure.

Rule 272, Rules Crim.Proc., 17 A.R.S., provides:

"The law of evidence and the law relating to instructions to the jury in civil actions shall apply to criminal actions except as otherwise provided."

Rule 274, Rules Crim.Proc., 17 A.R.S., provides:

"Either party may request the giving of particular instructions. Such request may be oral unless the court directs it to be in writing."

The responsibility of submitting and objecting to the instructions is placed in the counsel for the respective parties. Rule 51 (a), Rules Civil Proc., 16 A.R.S., provides that the court shall inform counsel of its proposed action upon their request, and no error may be assigned in the giving or failure to give an instruction unless it is objected to before the jury retires. Counsel, and not defendants, are versed in the law, and they have the responsibility of submitting or objecting to instructions, and therefore fall within the scope of trial strategy. The situation here is no different in principle from that presented in State v. Jones, 103 Ariz. 580, 447 P.2d 554, where this Court held it was not error for the trial judge to omit the instruction on the defendant's failure to take the stand where defense counsel requested such omission as part of his trial strategy.

We find no error in the instructions of the lower court. Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.