474 P.2d 830

**STATE of Arizona, Appellee,**
v.
**George Elliot HATTEN, Appellant.**
**No. 2029.**

Supreme Court of Arizona,
In Division.
Sept. 23, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Phoenix, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Chief Justice:

The defendant was found guilty by a jury of first degree burglary. (A.R.S. §§ 13–301 and 302). He admitted a prior conviction and was sentenced to not less than ten nor more than eleven years in prison. He appeals.

The evidence presented at the trial showed that on December 19, 1968, Angeline Roszak left her home at 309 East Pierce Street, Phoenix, Arizona, about eleven o'clock in the morning to go to the library. When she left, the door to her home was locked. She returned about ten o'clock that evening, and found that "the house was all upset." Miss Roszak left the house and walked to a telephone. She called her sister who called the police.

Edward Fewell, a Phoenix Police Officer, received the call to investigate a burglary at the Roszak residence. When Fewell arrived, he found Miss Roszak on the front porch. He entered the house with her and found "mild evidence of ransacking." He described this as "drawers standing open with contents that obviously had been in the drawers scattered around the floor." In the dining room he found items on the floor that "had obviously been in a place, had been removed from that place, thrown on the floor." In several rooms of the house he also found a quantity of burned matches. These matches "were burnt down, using the entire cardboard surface of the match.·

After inspecting the front rooms of the house, Officer Fewell and Miss Roszak went to the back of the house, to the bedroom. Here, Officer Fewell found a window standing open, and the defendant, (like Goldilocks) asleep on the victim's bed. Miss Roszak indicated that she did not know the defendant. Officer Fewell woke him, placed him under arrest, and took him outside to the police car where he searched him. In the defendant's pocket he found a cigarette case which at the trial was identified by Miss Roszak as her property. She testified that it was in a cabinet in the living room when she left the house earlier in the day.

Officer Fewell later returned to the house and inspected the bedroom window. He observed that the screen was torn and that the screws holding the window latch were pulled from the wooden frame. At this time Officer Fewell also further inspected the bed where the defendant had been sleeping. He found a compact, later identified by Miss Roszak as hers. She testified that she kept it in the living room cabinet next to the cigarette case.

The defendant took the stand and gave his version of what happened. He testified that he had spent the day with several people; that he and his friends had been drinking all through the day, first at the house of one friend's sister and than at a place called Wayne's. He had become quite drunk and one of his friends offered him a place to stay so he would not have to go to the Mission "to sleep it off." The defendant stated that this place "later turned out to be 309 East Pierce Street." He stated that he and his friends entered the house through the front door, which was unlocked.

On cross-examination the defendant stated that when they entered the house, "* * * it was just after dark * * *." He testified that after entering the house, he did not ransack the house, but went into the bedroom and went to sleep. This testimony was impeached with three prior felony convictions.

Defendant's first contention on appeal questions the sufficiency of the evidence to support the jury's verdict of first degree burglary. In Arizona the only distinction between the degrees of burglary is that first degree burglary is "burglary committed in the nighttime" and second degree burglary is "burglary committed in the daytime." A.R.S. § 13–302.[1]

In the state's case-in-chief, the only evidence that the burglary was a "nighttime" burglary was the testimony concerning the burned matches, the inference being that the matches were used by the defendant to aid him in seeing while ransacking the house. However, the defendant himself testified that it was "after dark" when he entered the house. Clearly, the defendant's own testimony cleared up any deficiencies in the state's case with regard to whether the entry was made before or after dark. See, State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968).

The defendant's argument that the word "dark" merely describes a "deficiency of light" and is no evidence that entry was made after sunset is without merit.

The defendant's next contention is that it was error for the trial judge to refuse to instruct the jury on forcible trespass as defined by A.R.S. § 13–711.[2] We cannot agree.

In previous cases this Court has held that:

" * * * instructions on lesser offenses are justified only when there is evidence upon which the jury could convict of a lesser offense and, at the same time, find that the state had failed to prove an element of the greater crime. * * * In other words, the state of the record must not be such that defendant can only be guilty of the crime charged or not at all." State v. Schroeder, 95 Ariz. 255, 259, 389 P.2d 255, 257 (1964). U.S.

Cert. Denied, 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350 (1964).

In the instant case we cannot say that the jury could have convicted the defendant of forcible trespass and, at the same time, found that the state had failed to prove an element of burglary. If the jury believed the defendant's testimony, which they obviously did not, their proper verdict would have been an acquittal, not a conviction of a lesser charge. Therefore, we hold that the trial judge was correct in denying the requested instruction.

Defendant's third contention is that the last instruction given to the jury is in conflict with the instruction on reasonable doubt and that this conflict deprived the defendant of the benefit of reasonable doubt. The instruction is not a model of clarity but we are of the opinion it does not conflict with the rule of reasonable doubt. It merely admonishes the jury to consider the evidence for the purpose for which it was offered and resolve it with deliberate and cautious judgment. However, there was no objection to it at the time it was given, and it was not referred to in the defendant's motion for a new trial. Although we do not approve this instruction, it does not constitute prejudicial error.

Appellant's final contention is that the County Attorney committed prejudicial misconduct in his closing argument to the jury by commenting on the defendant's failure to call as witnesses the persons he claimed he was drinking with and who could have substantiated his version of the facts. We do not agree.

"It is the rule that the prosecutor may comment upon the failure of the defendant to produce material witnesses who would substantiate his story. [citations] Such rule derives from the well recognized principle that the nonproduction of

---

1. "Nighttime" means the period between sunset and sunrise. A.R.S. § 13–301.

2. § 13–711. *"Trespass with force or violence; penalty; exception* Any person using any force or violence in entering upon or detaining lands or other possessions of another, except in the cases and manner allowed by law, is guilty of a misdemeanor."

evidence may give rise to the inference that it would have been adverse to the party who could have produced it. [citations]" People v. Basler, 217 Cal. App.2d 389, 401, 31 Cal.Rptr. 884, 892 (1963).

See also People v. Williams, 40 Ill.2d 522, 240 N.E.2d 645 (1968), U.S. Cert. Denied, 393 U.S. 1123, 89 S.Ct. 1004, 22 L.Ed.2d 129 (1969).

On cross-examination the prosecutor asked the defendant if he had subpoenaed his friends to testify for him. The defendant answered that he had not. If there were unusual circumstances which prevented the defendant or his counsel from obtaining these witnesses, this could have been brought out on redirect examination by the defendant's attorney.

Affirmed.

STRUCKMEYER, V. C. J., and UDALL, J., concur.