496 P.2d 584

**STATE of Arizona, Appellee,**

v.

**James WOODY, Appellant.**

**No. 2218.**

Supreme Court of Arizona,
In Division.

May 4, 1972.

Rehearing Denied May 23, 1972.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Richard J. Rubin, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, James W. Woody, was found guilty of selling narcotics in violation of A.R.S. § 36–1002.02 after trial by jury. He was sentenced to confinement in the state prison for a term of nine to ten years.

Appellant raises essentially three questions in this appeal: (1) Was the evidence sufficient to convict him of illegal sale of narcotics? (2) Was there misconduct by the prosecution in the cross-examination of the defendant? (3) Should the court have instructed the jury that the defendant might be guilty of a lesser offense as an accessory?

According to evidence most favorable to the state, Woody, James Trent (Lance) Wood and Charles Goldsmith, all residents of the same house and all addicted to heroin, went to a Phoenix bar on June 8, 1970 where undercover agent Hugh Hawley had arranged to buy a quantity of heroin. Woody was introduced to Hawley, then Wood and Hawley sat at a booth while Woody sat at a nearby table, and Goldsmith and a person named Nolan played pool. Woody, Wood and Goldsmith left together after Wood and Hawley had talked for a few minutes, returning about an hour later. Wood and Hawley again sat in the booth with Woody sitting at the adjacent table and Nolan and Goldsmith playing pool. Hawley gave Wood $60.00 for 2.56 grams of heroin. The agent, Hawley, asked how many times the heroin could be cut, and it was Woody who answered that it could be cut only once or Hawley would have dissatisfied customers. Woody also told Hawley how to cut the heroin by using a razor blade and a piece of glass.

Nolan, Woody and Goldsmith met with Hawley and another undercover agent several days later in a restaurant. Woody testified that he did not take part in arrangements to hold the meeting and that he

remembered little of what was said there. On cross-examination Woody denied having a business relationship with Wood and Goldsmith.

■ Appellant contends that the trial court should have granted the motion by the defense for a directed verdict which was made after the state rested its case and renewed after all parties had rested. Appellant asserts that the evidence fails to show that he had any connection with the crime charged in the information. We cannot agree with this contention. From the evidence the jury could have found that appellant Woody was an active participant with Wood in accomplishing the sale of the narcotics. The agent, Hawley, testified that it was Woody who said how the heroin could only be cut once. This supports the conclusion that Woody had knowledge of the percentage of heroin in the mixture being sold—something which could be known only to one who was part of the scheme. Woody was present when the sale was made, and always remained close to the table where his associate of many years was transacting the sale. Both Wood and Woody together with Goldsmith lived in Woody's house and all three were addicts.

A principal in the commission of a crime is defined in A.R.S. § 13–139 as follows:

"All persons concerned in the commission of a crime whether it is a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, * * * are principals in any crime so committed."

This Court has previously held that:

"Aiding and abetting means simply to assist in the commission of an act, either by active participation in it or in some manner advising or encouraging it. State v. Roberts, 85 Ariz. 252, 254, 336 P.2d 151. Aiding and abetting contemplates some positive act in aid of the commission of the offense; an active

force physical or moral joined with that of the perpetrator in producing it. The aider or abettor must stand in the same relation to the crime as the criminal, approach it from the same angle, touch it at the same point and possess criminal intent. Dodd v. Boies, 88 Ariz. 401, 403, 357 P.2d 144." State v. Bearden, 99 Ariz. 1, 3, 405 P.2d 885, 886 (1965).

From a total consideration of the evidence, we find that there was sufficient evidence to support the conclusion reached by the jury that the defendant, Woody, was a principal in the commission of the offense charged by reason of his participation in it.

■ The second issue concerns the prosecution's cross-examination of the defendant concerning a business association among Wood, Goldsmith and Woody. It is complained that the "prosecution neither offered to nor did it substantiate the fact that the appellant was part of a common plan, scheme, association or partnership with the alleged seller."

The portion questioned by appellant is as follows (R.T. 103, 104):

"Q Before I asked [sic] you about this matter at the Valle Del Sol, isn't it true that you had an agreement, a working arrangement with Vernon Trent Wood and Charlie Goldsmith?

"A No, it is not.

"Q You never participated with them in any way in a business arrangement involving heroin?

"A No.

"Q Were you living with either of them?

"A They were staying at my house."

Appellant says that there was no attempt by the prosecution to rebut this denial of a prior deal, and that the questioning was "wholly irrelevant and incompetent for any purpose and it was engaged in [in] order to prejudice the appellant before the jury." Appellant contends that the cross-examination of Woody presented evidence of an attempted sale at the Valle

Del Sol meeting and failure to rebut the defendant's denial is grounds for reversal.

We do not, however, have a situation where the prosecution has asked questions about crimes other than the one charged in the information. The deputy county attorney asked no questions on cross-examination which dealt with elements of criminal acts at the meeting at the Valle Del Sol. He also separated his questions about the sale at the first meeting from questions about the meeting at the Valle Del Sol. The prosecution prefaced its cross-examination on the first meeting with the words "Before I asked [sic] you about this matter at the Valle Del Sol."

The questions asked by the prosecution were about elements of the transaction which took place at the first meeting of Wood, Woody and Goldsmith with the undercover agent. Hawley and Woody had given their accounts of what went on in the meeting in prior testimony.

■■ A defendant in a criminal action cannot be required to be a witness, but if he elects to testify he may be cross-examined to the same extent and is subject to the same rules as any other witness. Garrett v. State, 25 Ariz. 508, 509, 219 P. 593, 594 (1923). He may be fully examined about any matter affecting credibility, especially if his counsel has opened the subject by eliciting testimony on these matters. Garrett v. State, supra; State v. Martinez, 102 Ariz. 178, 427 P.2d 129 (1967). Asking Woody whether his version or agent Hawley's version was correct, clearly does not go beyond the guidelines set out in *Garrett*.

When the prosecutor went into matters concerning the second meeting, he complied with instructions of the court by avoiding questions which would suggest criminal acts at the Valle Del Sol gathering. Therefore, the State had no burden to establish that the second meeting was part of a common scheme or plan.

■ The remaining issue is whether appellant was entitled to an instruction to the jury on accessory as a lesser offense.

A.R.S. § 13–141. Accessories .

"All persons who, after full knowledge that a felony has been committed, conceal it from the magistrate, or harbor and protect the person or persons charged or convicted or whom they have reason to believe committed a felony, are accessories. As amended Laws 1969, Ch. 133, § 2."

The punishment for an accessory is prescribed in A.R.S. § 13–143. Rule 295, Rules of Criminal Procedure, 17 A.R.S., provide:

"Rule 295. Conviction of attempt or of offense included in offense charged

"Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if the attempt is an offense, or convict him of any offense which is necessarily included in the offense charged."

■■ The rule limits offenses of which the defendant may be convicted to those which are necessarily included in the principal charge, and this includes offenses the circumstances of which have been properly alleged in the indictment or information charging the greater. State v. Hanks, 58 Ariz. 77, 118 P.2d 71 (1941). An offense which requires different evidence or elements than the principal charge is a separate offense and not a lesser included offense. See State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950); Peterson v. Jacobson, 2 Ariz. App. 593, 411 P.2d 31 (1966).

■ The test for determining whether one offense is included in another offense is whether the first offense cannot be committed without necessarily committing the second. State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954); State v. Sutton, 104 Ariz. 317, 452 P.2d 110 (1969).

The proof necessary to establish the offense described in A.R.S. § 13–141 is different than that required to establish the offense charged in the information. In fact, the offense charged in the informa-

tion would have to be committed and completed before an accessory would have anything to conceal.

At trial, counsel made no request for the instruction on a lesser included offense, and the issue is raised for the first time on appeal; nevertheless, we reviewed the matter above and find no merit in it.

The judgment and sentence of the trial court in this cause are affirmed.

HAYS, C. J., and CAMERON, V. C. J., concur.