521 P.2d 641

**In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. J–75755.**

**No. I CA–JUV I3.**

Court of Appeals of Arizona, Division 1, Department B.
April 25, 1974.
Review Granted May 21, 1974.

Ross P. Lee, Public Defender, Maricopa County, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Moise Berger, Maricopa County Atty., by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

## OPINION

JACOBSON, Chief Judge, Division 1.

This appeal requires the court to determine if criminal trespass is a lesser included offense of burglary, the juvenile having been charged with burglary, but found delinquent on the basis of trespass.

The juvenile was charged in a petition with petty theft and burglary. At the adjudicatory hearing the court granted a motion for a directed verdict as to the charge of petty theft.

The charging portion of the petition for delinquency concerning burglary was in the following language:

"On or about March 30, 1973, did commit burglary of the dwelling house of Lydia Gonzales, located at or near 7443 W. Devonshire in the City of Phoenix, Maricopa County, Arizona, all in violation of A.R.S. §§ 13–301, 13–302, as amended 1969, 13–138, 13–139 and 13–140."

After the close of the defendant's case, the court found that there was no burglary, but nonetheless found that there was sufficient evidence to support a charge of "trespass" and accordingly adjudicated the juvenile delinquent.

The sole issue on this appeal is whether trespass as defined by A.R.S. § 13–712(9) [1] is a lesser included offense in the charge of burglary (A.R.S. § 13–302). This issue is presented because it is the general rule that an accused may be convicted of an offense different from that with which he was charged only if it is included in the offense charged. State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950); Peterson v. Jacobson, 2 Ariz.App. 593, 411 P.2d 31 (1966). Such a conviction for a different offense than the one charged may occur under two different circumstances: (1) where the included offense is by its very nature always a constituent part of the major offense charged, or (2) where the terms of the charging document (indictment, or information or in the case of a juvenile, the petition for delinquency) describe the lesser offense, even though such lesser offense would not always form a consitutent part of the major offense charged. State v. Woody, 108 Ariz. 284, 496 P.2d 584 (1972); 42 C.J.S. Indictments and Information § 272, p. 1295.

Since the petition for delinquency in this case did not present factual allegations concerning the conduct of the juvenile, we are left with the determination of whether the act of trespass as defined in A.R.S. § 13–712(9) is in its nature always a constituent part of the crime of burglary as defined in A.R.S. § 13–302. The test to be applied is stated in State v. Woody, supra:

"The test for determining whether one offense is included in another offense is whether the first offense *cannot* be committed without necessarily committing the second." 108 Ariz. at 287, 496 P.2d at 587. (Emphasis added.)

A similar test has been stated by the California court in the case of People v. Whit-

1. Arizona has several statutory forms of "trespass". However, the only definition of trespass which the juvenile's conduct could possibly come within is found in A.R.S. § 13–712 (9). Since the juvenile court did not state which statutory definition of trespass he was relying upon, and since counsel did not question the propriety of the juvenile court's failure to distinguish, we will assume he referred to A.R.S. § 13–712(9).

**544**

low, 113 Cal.App.2d 804, 249 P.2d 35 (1952):

> "If, in the commission of acts made unlawful by one statute, the offender must *always* violate another, the one offense is necessarily included in the other. [Citation ommitted]. Thus, before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. [Citation omitted]. It therefore follows that if an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense." 249 P.2d at 37. (Emphasis added.)

With these tests in mind, the statutes involved are as follows.

A.R.S. § 13–712(9) provides that a trespass is committed by:

> "*Loitering or prowling* upon the private property of another, *without the consent of or lawful business with the owner or occupant* thereof." (Emphasis supplied.)

Burglary is defined by A.R.S. § 13–302(A) as:

> ". . . entering a building . . . *with intent to commit grand or petty theft, or any felony* . . . ." (Emphasis supplied.)

The word "loiter[ing]" has been defined in State v. Gomez, 105 Ariz. 424, 466 P.2d 378 (1970) as meaning "[t]o be dilatory; to be slow in movement; to stand around or move slowly about; to stand idly around; to spend time idly; to saunter; to delay; to idle; to linger; to lag behind." This same case defines "prowl[ing]" as "[t]o move about or wander stealthily; as a wild beast seeking prey; to pace or roam about furtively."

■ From our review of the facts in this case, we do not believe that the juvenile's conduct on the premises in question can be considered as "prowling" as that word has been defined. Sidestepping the constitutional issue of vagueness involved in making criminal acts involving "spend[ing] time idly" or "saunter[ing]" or "stand[ing] idly around" private property without consent (*see*: Ricks v. District of Columbia, 134 U.S.App.D.C. 201, 414 F.2d 1097 (1968); City of Portland v. White, 9 Or.App. 239, 495 P.2d 778 (1972); Hayes v. Municipal Court of Oklahoma City, 487 P.2d 974 (Okl.Cr.1971); and State v. Grahovac, 52 Haw. 527, 556, 480 P.2d 148 (1971)), we hold that whatever these acts constituting "loitering" are, the crime of burglary can be committed without engaging in them. For example, the individual who enters a business establishment with intent to commit grand or petty theft, and does so, can be charged with burglary, but not A.R.S. § 13–712(9) trespass, for his entry upon the premises open for business is with the implied consent of the owner that all the public is welcome in his business establishment. In short, the crime of burglary, (the greater) under numerous circumstances may be committed without committing a § 13–712(9) trespass (the lesser) and therefore, is not a lesser included offense of that crime.

The dissent in this matter is based upon the premise that under certain factual situations, while the crime of burglary is being committed, the crime of criminal trespass may also be committed, and thus that under certain circumstances criminal trespass can be a lesser included offense of burglary. We agree that if the factual allegations of the petition had set forth the facts constituting criminal trespass committed by the defendant as well as burglary, we would hold, under the general rule concerning convictions for lesser offenses, that a conviction for criminal trespass would stand in this case. However, such facts were not alleged here. To follow the dissent to its logical conclusion would result in the possibility of a person charged with murder being convicted of burglary, because factual settings can be imagined in which the commission of murder could also

include the factual acts necessary to the commission of burglary.

■ Since the delinquent act which he was found to have committed is not a lesser included offense within that alleged, the adjudication of delinquency cannot stand on grounds of due process. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L. Ed. 1093 (1940); DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937); also see People v. Harris, 191 Cal.App.2d 754, 12 Cal.Rptr. 916 (1961). In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

For the reasons herein stated, the adjudication of the juvenile as a delinquent on the grounds that he committed a trespass is reversed.

HAIRE, P. J., concurs.

EUBANK, Judge (dissenting).

I dissent from the majority opinion because it is my opinion that there are fact situations where criminal trespass (A.R.S. § 13–712(9)) can be a lesser-included offense to a charge of burglary (A.R.S. § 13–302) and that this is one. This opinion is based upon comments contained in two Arizona Supreme Court opinions: State v. Gomez, 105 Ariz. 424, 466 P.2d 378 (1970), and State v. Hatten, 106 Ariz. 239, 474 P. 2d 830 (1970).

In Gomez error was claimed on the basis of the trial court's refusal to "instruct the jury that criminal trespass as defined in § 13–712(9), A.R.S., is a lesser-included offense in the crime of burglary." The court held that since "loitering" or "prowling" did not include, by definition, an element of forcible entry, and because forcible entry was actually involved in the facts of Gomez, that, "the defendant's position that an instruction on trespass being a lesser-included offense in the crime of burglary must be rejected." This indicates to me that if the evidence in a burglary case did not involve forcible entry that it would be a lesser-included offense since burglary does not require forcible entry as an element of that crime. State v. Miller, 108 Ariz. 441, 501 P.2d 383 (1972).

Furthermore, in Hatten, the trial court refused to instruct the jury on forcible trespass (A.R.S. § 13–711) as a lesser-included offense to a charge of burglary, and the Supreme Court agreed stating:

"In previous cases this Court has held that:

'* * * instructions on lesser offenses are justified only when there is evidence upon which the jury could convict of a lesser offense and, at the same time, find that the state had failed to prove an element of the greater crime. * * * In other words, the state of the record must not be such that defendant can only be guilty of the crime charged or not at all.' State v. Schroeder, 95 Ariz. 255, 259, 389 P.2d 255, 257 (1964). U.S. Cert. Denied, 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350 (1964).

"In the instant case we cannot say that the jury could have convicted the defendant of forcible trespass and, at the same time, found that the state had failed to prove an element of burglary. If the jury believed the defendant's testimony, which they obviously did not, their proper verdict would have been an acquittal, not a conviction of a lesser charge. Therefore, we hold that the trial judge was correct in denying the requested instruction." 106 Ariz. at 241, 474 P.2d at 832.

See also State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964).

In the case at bar the record does, in my opinion, comport with the test in Hatten. The juvenile took the stand in his own defense and testified as follows in response to the question of what happened:

"A Well, we was walking along and then Ralph asked us, did we want to go break in this house. And we said: Well, we ain't going to break in; we ain't going to take nothing; we are just going to walk in, you know.

"And Ralph said, 'Well, I will take something,' and he went inside. Cory,

he stayed outside. I went inside and then a purse was laying on the thing and then Ralph picked it up and took all the money out, and then he told me to come in and help him check the house over; and I said, 'No, I'm going back out.'

"Then he called chicken and then I went back out, and then he started checking the house over. He went until he was through."

He further testified that this took over ten minutes of time.

The police officer testified that the juvenile admitted to him that he went into the house for money but didn't take any, and his own counsel conceded in his closing argument that the juvenile wrongfully went into the house. After all of the evidence was in, the court as trier of fact, said:

"THE COURT: I think clearly there was a trespass and I think I perhaps stretch reasonable doubt when I say there was not a burglary here, as I think that is probably what the evidence discloses. But for reasons which I deem sufficient and wise, there will not be an adjudication of burglary. But I do find that there was a trespass and under the facts in this case, a lesser included offense. Accordingly, the Court finds and adjudicates [the juvenile] delinquent for that trespass."

Here, in effect, the court did instruct the trier of fact, himself, that trespass was a lesser-included offense to the crime of burglary under these facts.

The majority opinion presents a clear picture of a rather murky scene. The "lesser-included offense" is not a clear legal doctrine but is one handicapped by conflicting opinions and inferences that can be drawn from those opinions. It is in essence a court-created doctrine that exists when the Supreme Court says that it exists. In Gomez v. Hatten the Supreme Court did not say that criminal trespass was not a lesser-included offense to burglary. That would have been the simple answer to the question raised. I can therefore only assume from their analysis that it can be under a proper factual situation—such as the case at bar. I would affirm the July 5, 1973 order.