544 P.2d 661
**STATE of Arizona, Appellee,**

v.

**Willard Lee BLACKWOOD, Appellant.**

No. 3096.

Supreme Court of Arizona,
In Banc.

Jan. 13, 1976.

Rehearing Denied Feb. 10, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Frank T. Galati, Thomas B. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

This appeal was brought pursuant to a Superior Court order dated November 12, 1974, authorizing Willard Lee Blackwood to file a delayed appeal. Blackwood was convicted by jury of first degree murder and on November 8, 1943 was sentenced to imprisonment in the Arizona State Prison for the remainder of his natural life. The judgment of the court below and sentence based thereon are affirmed.

Blackwood first urges that the trial court committed prejudicial error in allowing the State to prove that he committed another, serparate criminal offense, that of auto theft. The following exchange took place during the State's opening statements to the jury:

"DEPUTY COUNTY ATTORNEY: May it please the Court and counsel and the gentlemen of the jury: The State of Arizona is in the position and will show you that on the 27th day or a few days previous to the 27th day of August, 1943 the defendant Blackwood sought employment and was employed by the J. R. Dick Motor Company as a body and fender repairman. That on the 26th day of August the defendant, without permission, took a car belonging to the J. R. Dick Motor Company upon which he was working as a mechanic, at noontime on that day and did not return and has not returned to the J. R. Dick Motor Company at this time.

DEFENSE COUNSEL: If the Court please, we wish to make our objection to the statement of the County Attorney. Up to this point there has been nothing indicative of any other offenses and by the very nature of the County Attorney's statement, he brings in an additional offense to that charged in the Information and I wish to enter my objection to it and move for a new trial at this time.

THE COURT: Objection overruled. You may proceed."

■ Blackwood argues that the reference in the opening statement to his stealing a car requires the granting of a new trial. Blackwood did not, however, object when the State later called a witness to testify to the theft. The error, if any, was waived by the failure to object to the testimony establishing the theft of the motor vehicle.

Blackwood next argues that reversible error was committed when the State was allowed to introduce the testimony of Dee Paxton at his trial when Paxton was then physically present in Phoenix. Originally Paxton was subpoenaed by the State to attend Blackwood's preliminary hearing. The State, however, rested without calling him to testify. Blackwood then called Paxton to "find out what he knew." At the trial, Paxton was subpoenaed by the State. Although he was present on the first day of trial, he failed to appear thereafter. A bench warrant was issued and numerous attempts were made by the State to locate him, without success. He was finally found some four months after the trial. His explanation for not testifying was that "he did not want to be a witness."

■ The record makes it clear that Paxton purposely absented himself from the trial and that the State was not at fault in failing to have him present. Since his testimony was authorized by § 44–319, A.C.A.1939, the trial court did not err in permitting Paxton's testimony at the preliminary hearing to be read to the jury at the trial.

■ Blackwood also argues that permitting the introduction of Paxton's testimony violated his right to confront and cross-examine his accusers. We do not agree. As stated, Blackwood called Paxton to testify at the preliminary hearing after the State failed to do so. While ordinarily a preliminary hearing is a less searching exploration into the merits of a case than is a trial, the Supreme Court of the United States has held that the opportunity to examine a witness at a preliminary hearing satisfies the demand of the confrontation clause of the United States Constitution. *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

Blackwood urges that the county attorney's objection to the admission of certain defense evidence was reversible error in that it was a comment on the appellant's failure to take the witness stand. The asserted error occurred in an argument over whether a defense witness could testify as to certain statements made by Blackwood after the commission of the homicide.

"DEFENSE COUNSEL: Q. In his statements to you of the case of what

happened there did he state whether or not he said anything just before the shots were fired?

COUNTY ATTORNEY: Just a minute, object to that as self-serving, a statement of the defendant brought forth from this witness who is now counsel's own witnesses [sic], not under cross-examination.

DEFENSE COUNSEL: They put statements into evidence here and now we would like to put in the part of the statement we think is material to our case. I think they have waived anything like that when they put the first statements in.

COUNTY ATTORNEY: *You have a clear way to do that, you have the defendant at the counsel table, he can get on the witness stand and testify. This is not cross-examination.*

THE COURT: He will be permitted to answer. Objection overruled." (Emphasis supplied)

■ Section 44–2704, A.C.A.1939, provided that the neglect or refusal of a defendant to be a witness in his own behalf "can not in any manner prejudice him, nor be used against him on the trial or proceedings." We have held that any direct or indirect statement which amounts to an allusion that a defendant failed to testify may be reversible error. *State v. Jordan,* 80 Ariz. 193, 294 P.2d 677 (1956). However, we hold the county attorney's remarks were similar in effect to those in *Wilkerson v. State,* 119 Tex.Cr.R. 4, 45 S. W.2d 201 (1931). There, the state was trying to establish in an arson prosecution that the building which had been burned was covered by insurance. After the trial court sustained an objection that the policy of insurance was the best evidence, the prosecuting attorney said, "We will at this time ask that the defendant produce the original policy. If he doesn't we are entitled to make our secondary proof.", and thereafter added, "We have no way of making the defendant testify, or his wife,

under the laws of this State, * * *." The Texas court said:

" * * * it appears that the incident occurred during the development of the case and at a time when it was impossible to know whether or not the defendant would take the stand as a witness in his own behalf. We cannot regard the statement of the district attorney as a reference to the failure of the defendant to testify under these circumstances." 45 S.W.2d at 201–202.

In light of the fact that the defendant's plea of not guilty to the charge of homicide was based on the defense of insanity and that the evidence was overwhelming as to Blackwood's guilt, we think it is possible to conclude on the sheer weight of the evidence in the case that the county attorney's statements were harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The court instructed the jury:

"A defendant in a criminal case may be a witness in his own behalf, but is not compelled to so testify, and the failure of this defendant to take the witness stand in his own behalf cannot in any manner prejudice him or be in any wise considered by you in arriving at your verdict in this case."

■ We have held that an instruction on the failure of the defendant to take the witness stand is not reversible error where, as here, it was not objected to at the trial. *State v. Gomez,* 105 Ariz. 424, 466 P.2d 378 (1970).

■ After defense counsel gave notice of intent to defend on the ground of insanity, the court appointed Dr. Seth F. H. Howes, Superintendent of the State Hospital, to examine Blackwood. Defense counsel's motion that he be allowed to be present at the examinations of Blackwood was denied. No authority is cited for the proposition that counsel must be allowed to be present during a medical examination of a defendant, and no objection was made

opposing Dr. Howes' testimony during the trial. We find no prejudicial error in the denial of defense counsel's request to be present during Blackwood's examination.

█ Blackwood's final contention that the trial court improperly defined "malice" was not raised in the trial court. It was therefore waived.

Our review of the entire record reveals no reversible error.

The judgment and sentence are affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.