574 P.2d 466

The STATE of Arizona, Appellee,

v.

Antonio V. MONTIJO, Appellant.

No. 2 CA–CR 1133.

Court of Appeals of Arizona, Division 2.

Sept. 20, 1977.

Rehearing Denied Nov. 15, 1977.

Review Denied Dec. 6, 1977.

Bruce E. Babbitt, Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by David J. Damron, Asst. Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Judge.

Appellant was found guilty by a jury of exhibiting a deadly weapon not in self-defense, a felony, A.R.S. § 13–916, as amended, and placed on probation for three years. On appeal he alleges reversible error in the following respects:

1. He was precluded from offering evidence that the alleged victim did not feel threatened.

2. The trial court refused to instruct the jury on careless handling or discharging of a firearm, a misdemeanor, as a lesser included offense.

3. His motion for mistrial based on the prosecutor's closing argument was denied.

We find no error, and affirm.

A.R.S. § 13–916, as amended, states in pertinent part:

"A person who, not in necessary self-defense, in the presence of another, draws or exhibits any deadly weapon in a threatening manner, or who, in any manner, unlawfully uses the weapon in a fight or quarrel, is guilty of a crime . . . ."

Appellant went to the home of one Cassidy (Melissa) Rogers, looking for his girlfriend's younger sister with whom he had been arguing. When Rogers told him she was not there, he called Rogers a liar, then went to his truck and returned with a loaded shotgun. The gun had no trigger but could be fired by manually retracting and releasing the hammer. Appellant pointed the gun at Rogers and said, "If you don't tell me where she is, I'll shoot you." He put his finger on the hammer of the gun. Although the trial court had granted the state's pre-trial motion to preclude Rogers from testifying whether or not she had felt threatened, she was permitted to testify:

"Q. He said specifically to you, 'Don't you think I can shoot you?

"A. Yes.

"Q. What were you saying to him at that time?

"A. I said, 'Sure, you could shoot me at this range, but you don't want to do that. You're not going to do that. And I'm not' _ _ _ _

"THE COURT: Go ahead. Finish your answer.

"THE WITNESS: That 'I'm not afraid you will shoot me. I know your game and I'm not playing it.'

"Q. (By Ms. Brady) You thought he was just playing a game?

"A. Yes."

Defense counsel subsequently made the following offer of proof with Rogers in the absence of the jury:

"Q. The night that Tony came over and pointed the gun at you, did you feel in any way threatened by him?

"A. No, I didn't.

"Q. Why not?

"A. Because I know Tony. I had known him three months. I knew that he was loud, extraverted. But I also realized that it's part of his culture to have the macho trip. And I wasn't afraid because I didn't think he was going to shoot me. He was trying to prove a point."

 The testimony was properly rejected. The witness's state of mind was neither material to the crime with which appellant was charged, nor relevant to the jury's determination whether the weapon had been exhibited in a threatening manner. The purpose of the statute is to make punishable acts which endanger or are likely to endanger other persons without any specific intent to do so. *State v. Pearce,* 22 Ariz.App. 338, 341, 527 P.2d 297, 300 (1974). It follows that a witness's opinion of that intent is both immaterial and irrelevant as to the manner in which the weapon is exhibited.

Appellant's complaint of prosecutorial misconduct is related to the evidentiary ruling. After defense counsel had argued that Rogers was not upset or frightened "because she knew Tony," and was "aware he was playing games," the prosecutor in final summation responded:

"I'll tell you—she said his hand was on the hammer. That hammer, if that hammer had gone like this, perhaps Melissa Rogers wouldn't be here to tell you what she told you. She never testified that she did not feel threatened. She testified she tried to reason."

The court then sustained an objection and at defense counsel's request admonished the jury:

"THE COURT: Ladies and gentlemen, Mr. Berkman [the prosecutor] just argued that Melissa Rogers never testified that she did not feel threatened. That is a matter that the Court refused to permit either counsel to go into in the case so that is not a matter which is before you for your consideration one way or the other."

 Later, however, after the jury had reached a verdict but before it was returned, defense counsel moved for a mistrial. The motion was properly denied. Although the reference to the witness's failure to testify to her state of mind was clearly improper, we cannot agree that it reflects a deliberate impropriety. Viewed in context, it appears to have been a poorly chosen attempt to refute defense counsel's suggestion that the witness's state of mind somehow was material to the case. Any possible prejudice was removed by the court's admonition.

 Finally, we reject appellant's argument that the misdemeanor of recklessly or carelessly handling a firearm, A.R.S. § 13–917, as amended, is a lesser included offense of the felony with which he was charged. The test is whether the greater offense cannot be committed without necessarily committing. the lesser. *State v. Woody,* 108 Ariz. 284, 496 P.2d 584 (1972). Obviously a person might deliberately and carefully point a loaded gun, in violation of A.R.S. § 13–916, without transgressing § 13–917.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.