[Crim. No. 6306. Second Dist., Div. Three. Jan. 30, 1959.]

## THE PEOPLE, Respondent, v. FREDERICK M. DAGAMPAT, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), and J. Stanley Brill, Deputy Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

SHINN, P. J.,—In a court trial, Frederick M. Dagampat and Leo Soto Contreras were found guilty of kidnaping and were committed to the Youth Authority. Dagampat appeals from the judgment and the denial of his motion for new trial. Contreras has not appealed.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Stanley Jaramillo, aged 15, was the complaining witness. As Stanley was walking away from a friend's house near the intersection of Sunset Boulevard and Beaudry on the night of December 7, 1957, an open convertible containing three boys drove up and stopped beside him. Appellant was the driver of the car; Contreras and a boy named Johnny Valencia were in the back seat. Valencia got out of the car and entered a drugstore on the corner. Appellant told Stanley: "Get into the car. I want to talk to you about the fight." (On November 29, Stanley had witnessed a fight during which Contreras had stabbed one Manuel Avalos with a knife.) Stanley looked at Dagampat and Contreras, "and they were as if they were giving me some dirty looks"; he turned and saw Valencia approaching him from behind. Asked what he was afraid of, he testified: "Well, you know, like what they did to Manuel. I was scared they might do that to me, too. . . . Stab me too." Stanley said "All right." He got into the car and appellant drove away from the intersection. Stanley testified that the boys displayed no weapons and made no threats, but he entered the car because he was afraid of being stabbed.

After the car had proceeded for half a block, Contreras asked Stanley if he had witnessed the stabbing of Avalos. Upon receiving an affirmative answer, Contreras and Valencia began to hit him. The car stopped in an alley a few blocks away from Sunset and Beaudry and appellant opened the door. Stanley pushed appellant out of the car. After all four boys had alighted, Stanley was held by the jacket while the others hit him; they laughed as they administered the beating; Valencia also gouged his eyes. Stanley then slipped out of his jacket and ran away; as he was running, he was hit on the head by a bottle. On cross-examination, Stanley

was asked whether he entered the car voluntarily and he replied: "Not because I wanted to." He admitted that he had not asked to be let out of the car and had not attempted to leave the car or to call for help. He was also asked the following question: "Now, . . . they just asked you if you wanted to get in the car at the drug store, didn't they?" and he answered "Yes."

Dagampat and Contreras were taken into custody shortly after Stanley ran away from the alley. Policewoman Florence Stanton testified that she had a conversation with Contreras about an hour after his arrest. Contreras told her: "If I had to do it over again I would do the same thing. I will probably do time for it but when I get out I know where I can get a .22 gun and if you ask for mercy I will laugh at you." Evidence of the conversation was introduced over the objection of Contreras that the corpus delicti had not been established. Upon motion of counsel for appellant the evidence was admitted only against Contreras.

Appellant testified that he observed Stanley standing on the corner of Sunset and Beaudry when the car stopped for a red light. He had known the complaining witness for six months or a year. He called Stanley over and asked him if he wanted to go for a ride. Stanley entered the car and appellant drove away at an average speed. He handed Stanley a bottle of wine and Stanley took a drink. After he had driven a few blocks, Contreras and Stanley suddenly began to fight; appellant did not participate in the struggle. He drove into an alley and stopped, whereupon Stanley ran away. Appellant denied holding Stanley, hitting him or throwing a bottle at him. At no time did Stanley call for help or indicate that he wanted to get out of the car.

Contreras gave a similar account of the ride. He testified that he and his companions had not been looking for Stanley, that the latter did not ask to leave the car and that no one prevented him from doing so. He also testified that Stanley started the fight by calling him a name and swinging at him.

The first contention to be considered is the insufficiency of the evidence to establish appellant's guilt of kidnaping. Section 207 of the Penal Code provides in material part: "Every person who forcibly steals, takes or arrests any person in this state, and carries him into another . . . county, or into another part of the same county, . . . is guilty of kidnaping."

Appellant argues ably and at length that there was no evi-

dence of a forcible abduction of the complaining witness and no evidence that he acted with a criminal intent. Although the argument could well have impressed the trial court it cannot prevail upon this appeal.

It is contended that Stanley had no reason for fear except the "dirty looks" he observed and that these could not reasonably induce fear of harm. But there was much more for Stanley to think about. He was outnumbered and with one of the group behind him. He was faced by another who was a knife carrier and who might have a knife in his belt. They wished to talk with him as a supposed witness to a fight. It is difficult for us to see how it was unreasonable for Stanley to fear harm that might come from his refusal to enter the car in view of the fact that he was assaulted soon after entering it. Who can say what would have happened to the boy if he had defied his adversaries.

We do not doubt that evidence and the reasonable inferences amply established a forcible taking. The court could reasonably have found that Stanley did not willingly enter the car, but did so because of a fear of bodily harm induced by appellant's order to get into the convertible, defendants' "dirty looks," the sudden approach of Valencia from the drugstore, and his recollection of the fight in which Contreras stabbed Avalos. These factors influencing Stanley's decision were not to be analyzed separately, but as parts of a single indivisible transaction. ██ The gravamen of the offense of kidnaping is some form of compulsion. (*People* v. *Guerrero,* 22 Cal.2d 183, 189 [137 P.2d 21].) ██ The requisite force or compulsion need not consist of the use of actual physical force or of express threats; the taking is forcible where it is accomplished through the giving of orders which the victim feels compelled to obey because he fears harm or injury from the accused, and his apprehension is not unreasonable under the circumstances. (*People* v. *Broyles,* 151 Cal.App.2d 428 [311 P.2d 88].) ██ Stanley was only 15 years of age. There could be no doubt as to the purpose of appellant and Contreras in inviting him into the car. He was the one to decide what might be the consequences of a refusal and he had ample reason for believing that the invitation to enter the car was not a friendly one. The prospect of having a knife thrust into one's ribs upon refusal of an invitation would furnish a good reason for regarding it as a command. We cannot say, as a matter of law, that Stanley was not actuated by fear or that his fears were unjustified.

**496** 

█ Where the accused is not charged with kidnaping for a specific purpose, the People are only required to prove that he intended to commit the acts denounced by the statute. (*People* v. *Hunter,* 49 Cal.App.2d 243, 250 [121 P.2d 529], and cases cited.) Whether appellant intended to abduct the complaining witness was a question of fact which was resolved against him by the court upon sufficient evidence.

The remaining contention to be considered is that the extrajudicial statement of Contreras should not have been allowed in evidence for the reason that there was no proof of the corpus delicti. In the light of the preceding discussion, the argument is clearly without merit.

The judgment and order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.