542 P.2d 1157

The STATE of Arizona, Appellee,

v.

William Dean WEHRHAN, Appellant.

Nos. 2 CA–CR 566–2, 2 CA–CR 569–3.

Court of Appeals of Arizona,
Division 2.

Dec. 3, 1975.

Review Denied Feb. 3, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

This is a consolidated appeal from two separate armed robbery trials. Appellant was found guilty in both cases and sentenced to concurrent terms of not less than twenty nor more than sixty years in the Arizona State Prison.

The first trial involved the robbery of the Ports O'Call Restaurant in Tucson, Arizona. The second trial was for the robbery of Mama Louisa's Restaurant also in Tucson. In both trials the state was permitted to introduce into evidence the facts concerning the robbery of a Pizza Hut Restaurant in Tucson, which occurred on October 24, 1974, at approximately 8:30 p. m.

## THE PORTS O'CALL ROBBERY

On October 11, 1974, at about 9:00 p. m. three persons entered the Ports O'Call Restaurant wearing dark-colored stocking masks. One of the robbers who was similar in build and stature to appellant had in his hand a long-barreled handgun. One of the others had a knife in his hand and the third stood by the entrance. The person with the handgun ordered the hostess to fill a brown bag with the money from the cash register. However, the money was not placed in the bag provided by the robbers but was placed in two bank bags from the Ports O'Call Restaurant. The hostess and a customer who had witnessed the robbery both identified the stocking masks and handgun which the state later introduced into evidence as looking like those in the possession of the robbers. The customer was particularly emphatic in her identification of these objects. She stated that the handgun which was shown to her at trial was exactly as she had remembered the handgun which was in the hand of one of the robbers. She further stated that she particularly noticed the darkness of the stocking masks worn by the robbers and noted that similarity when identifying the stocking masks at trial.

## ROBBERY OF MAMA LOUISA'S RESTAURANT

On the night of October 18, 1974, two men entered Mama Louisa's Restaurant wearing stocking masks. One man had a handgun and the other man had a knife. One of the men gave the owner a brown paper bag and ordered him to fill it with the contents of the cash register. Both the owner and a waitress who witnessed the robbery identified a long-barreled handgun and the stocking masks which the state later introduced into evidence as being the articles which were in the possession of the robbers on the night of the incident. Furthermore, they both testified that they were able to see through the stocking masks and from a photographic lineup, had identified appellant as one of the robbers. They testified that, independently of the photographs, they could identify appellant as the one who held the handgun on the night of the robbery.

## THE PIZZA HUT ROBBERY

In the trial of the robbery which occurred at Mama Louisa's, a Mr. John Coleman testified that on October 24, 1974, he was seated at the Pizza Hut on East Speedway in Tucson, when two men walked in wearing stocking masks. Both men were armed with handguns. Mr. Coleman was able to see through the stocking masks and he identified appellant as being one of the robbers. He identified a long-barreled handgun as being the weapon held by appellant at the time of the robbery. Officer Comstock testified that on October 24, 1974, shortly after 8:30 p. m. he received a call regarding the robbery together with the description of the vehicle involved. He observed a blue Volkswagen sedan matching the description, stopped the vehicle and determined the occupants to be a Barbara Hampton, appellant, and another person by the name of William Barker. In the vehicle he found a .357 magnum revolver which was the same one identified by the witnesses at the trial. He also found a .38 revolver. In addition, he

found in the vehicle the stocking masks which were identified by the witnesses.

Both Coleman and Officer Comstock testified at the trial of the case involving the Ports O'Call robbery, giving essentially the same testimony as they did at the trial involving the robbery of Mama Louisa's. At the trial involving the Ports O'Call robbery, Coleman identified the stocking masks as the ones which were worn by the robbers at the Pizza Hut robbery and testified that he followed the robbers after they exited the Pizza Hut and saw them go through a fence and get into a blue Volkswagen.

The state, in the Ports O'Call robbery trial, had the additional benefit of the testimony of Barbara Hampton. She took part in the Pizza Hut robbery, remaining in the Volkswagen which she owned while appellant and a Mr. Barker committed the robbery. She identified the long-barreled handgun and the stocking masks as being used by appellant in the Pizza Hut robbery.

It is appellant's first contention that the evidence concerning the Pizza Hut robbery should not have been allowed in either the Mama Louisa's robbery trial or the Ports O'Call robbery trial. We do not agree. The general rule in Arizona has been that in the prosecution of one accused of a particular offense, evidence showing or tending to show the commission by the accused of another crime entirely distinct and independent of that for which he is on trial, even though it be a crime of the same class, is neither relevant nor admissible. *Dorsey v. State,* 25 Ariz. 139, 213 P. 1011 (1923). Such evidence is admissible, however, when it tends to establish (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan involving the commission of two or more crimes so related to each other that proof of one tends to establish the other and (5) the identity of the person charged with the commission of the crime on trial. *State v. Tisnado,* 105 Ariz. 23, 458 P.2d

957 (1969); *State v. Moore,* 108 Ariz. 215, 495 P.2d 445 (1972). The use of a stocking mask, the long-barreled handgun and the color of the stocking mask established a modus operandi which makes the evidence of the Pizza Hut robbery admissible on the issue of identity and there was no error in admitting it.

In the trial of the robbery involving Mama Louisa's the defense attorney in closing argument wanted to read to the jury a magazine article which concerned the unreliability of eye-witness identification. The trial court did not allow him to do so. Appellant claims this to be error. We do not agree. *State v. Chambers,* 104 Ariz. 247, 451 P.2d 27 (1969).

At the trial concerning the Ports O'Call robbery, Barbara Hampton testified that sometime after nine o'clock that evening appellant and Mr. Barker came to her home. Other people were present when she overheard appellant say, "They had made a grand." She then observed him counting the money out in piles on the kitchen table, while a cloth bag of the type used to make commercial deposits lay nearby. Over appellant's objection, Miss Hampton was permitted to testify that either appellant or someone else stated that the Ports O'Call had been robbed. She further testified that if it was not appellant who made the statement, at least it was said in his presence. She stated that she did not know whether appellant heard the statement.

Appellant claims the trial court erred in admitting Miss Hampton's testimony as to the statement that the Ports O'Call had been robbed. We agree. Since Miss Hampton could not state with any definiteness that the statement was made by appellant, it could not be introduced as an admission. Nor could the statement have been an admission by silence since there was no proof that appellant actually heard it or that the situation was such that he must necessarily have heard it. *Ruth v. Rhodes,* 66 Ariz. 129, 185 P.2d 304 (1947). But this error does not mandate reversal.

**280**

We conclude that the mind of an average juror would not have found the state's case significantly less persuasive had this testimony been excluded. The admission into evidence of this statement therefore was at most harmless error. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *State v. Alexander,* 108 Ariz. 556, 503 P.2d 777 (1972).

The judgments and sentences in both cases are affirmed.

KRUCKER and HATHAWAY, JJ., concur.