549 P.2d 608

The STATE of Arizona, Appellee,

v.

Steven Marc BELKIN, Appellant.

No. 2 CA–CR 731.

Court of Appeals of Arizona,
Division 2.

May 13, 1976.
Rehearing Denied June 15, 1976.
Review Denied July 20, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III and Ronald L. Crismon, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Henry W. Russell, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant, Steven Marc Belkin, was charged with kidnapping while armed with a gun in violation of A.R.S. § 13–491(D) (Supp.1973). In addition to a verdict form on the crime charged, the trial court submitted verdict forms to the jury on kidnapping, A.R.S. § 13–491(A) (Supp.1973),

false imprisonment by violence or menace, A.R.S. § 13–961(B), and false imprisonment, A.R.S. § 13–961(A). It refused to instruct or submit a verdict form on simple assault, A.R.S. § 13–243. The jury found appellant guilty of false imprisonment by violence or menace.

As grounds for reversal, appellant contends the trial court erred (1) in refusing to preclude the introduction of evidence that would tend to show appellant was married to more than one woman; (2) in inadequately instructing the jury on false imprisonment and false imprisonment by violence or menace; (3) in refusing to declare a mistrial after the jury returned guilty verdicts on both false imprisonment and false imprisonment by violence or menace; (4) in allowing a police officer to relate a statement by appellant that was not timely disclosed to the defense; (5) in refusing to instruct that if the jury found the State had destroyed evidence it could infer that such evidence was against the State's interest; (6) in failing to instruct the jury on simple assault; and (7) in denying a mistrial when the prosecutor violated the court's ruling on a motion in limine. All these contentions are meritless and it is our duty to affirm the judgment of conviction.

Rosemarie (Belkin) Quagliata married appellant on October 26, 1974. During their marriage, Rosemarie and appellant were separated four times. The last separation, on February 8, 1975, occurred after Rosemarie discovered appellant was married to another woman. Rosemarie thereafter filed a petition to dissolve the marriage and obtained an injunction forbidding appellant to see her.

On March 11, 1975, appellant went to the parking lot at Tucson Medical Center and waited for Rosemarie to arrive for work. When he saw her he ran up behind her, grabbed her and drove away with her. At one point he displayed a gun and made her telephone an excuse to her employer. He drove her to a motel in Benson, Arizona, where they spent the night and had consensual sexual intercourse. Appellant had Rosemarie call her mother and tell her she was back together with appellant. They drove to her parents' home, where appellant was arrested.

■ Appellant first contends that it was error for the trial court to deny his motion to exclude all evidence that he was married to another woman. Generally, the prosecution may not introduce evidence that a defendant committed a bad act entirely distinct from the one for which he is being tried. *State v. Latino,* 25 Ariz.App. 66, 540 P.2d 1285 (1975). This rule does not apply, however, where the evidence is so interrelated with the crime for which the defendant is being tried that the jury cannot fully understand the circumstances of the crime without it. *State v. Foggy,* 101 Ariz. 459, 420 P.2d 934 (1966). Before their final separation, appellant and Rosemarie separated three times and in each instance became reconciled shortly thereafter. After Rosemarie found out that appellant was married, however, she instituted dissolution proceedings and steadfastly refused to have anything further to do with him despite his repeated attempts to meet with her. We believe that if the fact of appellant's other wife had been withheld from the jury, it would not have fully understood the circumstances that led up to Rosemarie's abduction. Furthermore, this evidence bore indirectly on the question of whether Rosemarie consented to be driven away to Benson by appellant. The trial court did not err in refusing to exclude evidence that appellant was married to another woman.

Appellant next contends the trial court did not adequately instruct the jury on the crimes of false imprisonment and false imprisonment by violence or menace. The court instructed:

"False imprisonment is the unlawful violation of the personal liberty of another."

The court gave no separate instruction defining false imprisonment by violence or menace. We note that the trial court's in-

struction is taken verbatim from A.R.S. § 13-961(A).

■■ The record shows that appellant's counsel made only a general objection to the instruction on false imprisonment. Since he failed to state the specific ground of his objection, Rule 21.3(c), Rules of Criminal Procedure, 17 A.R.S., and offered no substitute instructions, the objection was waived. The phrases "unlawful violation" and "personal liberty" are not so unclear as to make the instruction infected with fundamental error. *See, State v. Winter,* 109 Ariz. 505, 513 P.2d 934 (1973). Further, the meaning of "violence or menace" needs no explanation.

■ The record reveals that the jury returned verdicts of guilty on both false imprisonment and false imprisonment by violence or menace. The trial court denied appellant's motion for a mistrial. Counsel then stipulated that the matter be resubmitted to the jury with instructions that it could find appellant guilty of only one of the lesser included offenses. The jury returned ten minutes later with a verdict of guilty of false imprisonment by violence or menace.

Appellant contends these events show the jury was hopelessly confused by the court's instructions and the court should have declared a mistrial. We disagree. It appears that the jury was instead confused by the trial court's initial failure to tell them they could convict appellant of only one of the lesser included offenses. Having found that the facts supported conviction for both false imprisonment and false imprisonment by violence or menace, and being uncertain of what to do, the jury returned guilty verdicts on both crimes. Once the trial court made it clear that appellant could only be convicted of one, the jury rectified its error in short order. The trial court's refusal to declare a mistrial was proper.

After appellant was arrested, police detectives taped an interview with him. During the interview, appellant stated he had shown his gun to Rosemarie but had not pointed it at her. Detective Bunting, who was present at the interview, took the tape to be transcribed and was thereafter unable to find it.

At the omnibus hearing the prosecutor told appellant's counsel the tape was lost and later filed an affidavit to that effect as ordered by the trial court. Detective Bunting's police report and a transcript of his testimony before the grand jury had been disclosed to appellant. A week before trial, the prosecutor told appellant's counsel about the statement concerning which Detective Bunting would testify.

■■ Appellant now contends it was an abuse of discretion to allow Detective Bunting to testify about appellant's statement because it was not timely disclosed. We disagree. The imposition of non-disclosure sanctions under Rule 15.7 is within the trial court's discretion. *State v. Miller,* 112 Ariz. 68, 537 P.2d 965 (1975). Under the circumstances of this case, the trial court did not abuse its discretion. The substance of appellant's statement was disclosed soon enough for his attorney to prepare for trial. Further, appellant's attorney had a full week within which to interview Detective Bunting concerning appellant's statement. Any prejudice to appellant from the prosecutor's failure to make a timely formal disclosure of that statement was minimal.

■ Appellant attacks the court's refusal to give the following requested instruction concerning his taped statement:

"If you find that the State has destroyed, or caused to be destroyed, any evidence whose nature, quality, or description is an issue in this case, you may infer that the true fact as against the State's interest."

In contrast to the situation in *State v. Willits,* 96 Ariz. 184, 393 P.2d 274 (1964), cited by appellant, there is no evidence to support a conclusion that the prosecution

destroyed evidence. The testimony shows instead that the tape was inadvertently lost. The instruction was wholly unsupported by the evidence and was properly refused. *See, State v. Musgrove,* 2 Ariz. App. 505, 410 P.2d 127 (1966).

■ Appellant next contends the trial court erred in refusing to instruct the jury on the crime of simple assault. Rule 23.3, Rules of Criminal Procedure, 17 A.R.S., provides:

"Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein, if such attempt is an offense. The defendant may not be found guilty of any offense for which no form of verdict has been submitted to the jury."

A lesser offense is "necessarily included" in a greater offense if the greater offense cannot be committed *without necessarily committing the lesser one. State v. Woody,* 108 Ariz. 284, 496 P.2d 584 (1972).

■ There appears to be a split in authority on whether simple assault is necessarily included in the offense of kidnapping. We believe the cases holding it is not are better reasoned. A.R.S. § 13–241(A) defines assault as:

". . . an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

Kidnapping is defined under A.R.S. § 13–491(A) (Supp.1973) as follows:

"A. A person is guilty of a felony who:

1. *Forcibly steals, takes or arrests* any person in this state, and carries him into another country, state or county, or into another part of the same county." (Emphasis added)

\* \* \* \* \* \*

■ The force required by A.R.S. § 13–491(A) is not necessarily the same as that required in the assault statute. The

gravamen of the offense of kidnapping is some form of compulsion. *People v. Guerrero,* 22 Cal.2d 183, 137 P.2d 21 (1943). The requisite force or compulsion need not consist of using actual physical force or express threats; the taking is forcible where it is accomplished by giving orders that the victim feels compelled to obey because he fears harm or injury from the accused, and his apprehension is not unreasonable under the circumstances. *People v. Dagampat,* 167 Cal.App.2d 492, 334 P.2d 581 (1959); *People v. Cardwell,* 181 Colo. 421, 510 P.2d 317 (1973). Since an unlawful attempt to commit a battery upon the person of another is not a necessary element in the crime of kidnapping, assault is not a lesser included offense. The court correctly refused an assault instruction.

■ At the start of the trial the court ordered the prosecutor not to introduce evidence that a spot of blood was found on Rosemarie's jacket. The basis for this ruling was that the police reports showed the spot could not be identified as human blood. The prosecutor nonetheless asked appellant on cross-examination whether he had attempted to wash blood from Rosemarie's jacket. Appellant's counsel moved for a mistrial, and appellant now contends the trial court erred in refusing to grant it. Although the prosecutor clearly violated the trial court's ruling on the motion in limine, the trial court itself allowed the question as proper cross-examination. The prosecutor ceased the inquiry after appellant denied he had washed blood from the jacket. We think the average juror would not have found the State's case less persuasive had the question not been asked. The error was harmless, *State v. Wehrhan,* 25 Ariz.App. 277, 542 P.2d 1157 (1975), and the trial court did not err in refusing to declare a mistrial.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.