570 P.2d 805

**The STATE of Arizona, Appellee,**

v.

**Carl Johnson O'KELLEY, Jr., Appellant.**

**No. 2 CA–CR 1020.**

Court of Appeals of Arizona, Division 2.

Sept. 30, 1977.

Bruce E. Babbitt, Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by David J. Damron and Karen Schleicher, Asst. Public Defenders, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was convicted of obstructing justice, a misdemeanor, and placed on probation for one year. He now contends that his conviction must be reversed because of the trial court's denial of his motion in limine and its refusal to give certain requested instructions.

This charge arose out of an incident which occurred on the University of Arizona campus on February 12, 1976. Appellant was looking for a parking space in the "X" lot near McKale Center. He was stopped by Officer Corbin of the University Police Department because he noticed that appellant's vehicle still bore the same out-of-date registration for which the officer had previously cited appellant. Both Mr. O'Kelley and Officer Corbin alighted from their vehicles. After Officer Corbin explained to O'Kelley why he had stopped him, O'Kelley became very argumentative, unruly and started using a great deal of profanity. Officer Corbin told O'Kelley that he was going to have to give him another citation, O'Kelley replied by stating that the officer had no business giving him any more citations, and again resorted to profanities directed towards the officer. Officer Corbin walked O'Kelley back over to O'Kelley's car and told him to shut the engine off because he was going to write him a citation. At that time O'Kelley got back in his car and drove away, but before he could exit the lot, his car was stopped by Officer Berreta of the Campus Police who blocked the exit driveway. Officer Corbin approached O'Kelley's vehicle and asked him to shut the engine off. O'Kelley refused to do so and started using abusive profanities. Corbin then told O'Kelley, who

was sitting in the car, that he was under arrest and read him his rights. O'Kelley was again advised to shut his engine off and asked to get out of the car. He refused to do so. Officer Corbin opened O'Kelley's car door, took him by the arm and led him out of the car. O'Kelley was told to place his hands on the roof and to assume a search position by spreading his legs out. He refused to assume the search position and started using more profanities. He was again advised to place his hands on the hood of the car, to quiet down and assume the search position which he eventually did. As Corbin was starting to search him, O'Kelley resumed his verbal abuse and kicked Officer Corbin several times. Officer Corbin forced him to the ground and handcuffed him.

■ Appellant did not testify at the trial. He claims he did not do so because of the court's ruling on the motion in limine. This motion, made prior to the presentation of evidence, requested that the state be prohibited from introducing into evidence certain prior bad acts. At that time the court refused to do so because it felt that the motion was premature. In fact, the court told appellant he could renew the motion at the proper time. We believe the record demonstrates that the action of the trial court did not effectively preclude appellant from testifying on his own behalf as was the case in *State v. Tuell,* 112 Ariz. 340, 541 P.2d 1142 (1975). We are therefore unable to agree that the trial court erred.

■ Appellant contends that the trial court erred in refusing his Instruction No. 2 which stated:

"A police officer in making an arrest may not use unreasonable force."

We do not agree. The trial court need not give requested instructions that are inapplicable. *State v. Denton,* 101 Ariz. 455, 420 P.2d 930 (1966). A.R.S. § 13–1401(B) states:

"No unnecessary or unreasonable force shall be used in making an arrest, and the person arrested shall not be subjected to any greater restraint than necessary for his detention."

There was no evidence of any unnecessary or unreasonable force when the arrest was made. The only evidence of force pertained to occurrences *subsequent* to his arrest.

Appellant contends the court erred in refusing his Instruction No. 19. The record fails to disclose an objection to the failure to give this instruction and therefore any claim to error is waived. Rule 21.3(c), Rules of Criminal Procedure; *State v. Belkin,* 26 Ariz.App. 513, 549 P.2d 608 (1976).

■ Finally, appellant claims that the trial court erred in refusing to instruct on the lesser included crime of disorderly conduct. The test in Arizona for determining whether one offense is a lesser included of a greater offense is whether the greater offense is one that cannot be committed without necessarily committing the lesser. *State v. Butrick,* 113 Ariz. 563, 558 P.2d 908 (1976).

■ A person is guilty of obstructing justice under A.R.S. § 13–541(A) if he (1) attempts by means of any threat or violence to deter or prevent a public officer from performing any duty imposed upon the officer by law, or (2) wilfully resists, delays or obstructs a police officer in the discharge or attempt to discharge any duty of his office, or (3) knowingly resists by the use of force or violence the officer in the performance of his duty.

Disorderly conduct is defined by A.R.S. § 13–371(A) as follows:

"A person is guilty of a misdemeanor who maliciously and wilfully disturbs the peace or quiet of a neighborhood, family or person by:

1. Loud or unusual noise.

2. Tumultuous or offensive conduct.

3. Threatening, traducing, quarreling, challenging to fight or fighting.

4. Applying any violent, abusive or obscene epithets to another."

Under A.R.S. § 13–541(A) a person may be guilty of obstructing justice if he wilfully resists, delays, or obstructs a public officer in the discharge or attempt to discharge any duty of his office. Thus force, direct or

indirect, is not necessary. Nor is threat or violence necessary to constitute an obstruction of justice. Passive, indirect or circuitous impediments may constitute an obstruction of justice. A person is guilty of obstruction of justice when he goes into his house after being told he was under arrest, locks the door and refuses to go with the officer. *State v. Merrifield*, 180 Kan. 267, 303 P.2d 155 (1956). A person thus obstructing justice would not be committing any of the acts of disorderly conduct defined by A.R.S. § 13–371(A). It is therefore evident that one may commit the crime of obstructing justice without committing the crime of disorderly conduct. It is not a lesser included offense. The court did not err in refusing to instruct on disorderly conduct.

Affirmed.

HATHAWAY and RICHMOND, JJ., concurring.