604 P.2d 1121

**STATE of Arizona, Appellee,**

v.

**Antonio Gamez CAUDILLO, Appellant.**

**No. 4796–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 27, 1979.

Rehearing Denied Jan. 3, 1980.

Stephen D. Neely, Pima County Atty., by Paul S. Banales, Deputy County Atty., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender, by Daniel I. Ziskin, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

The appellant, Antonio Gamez Caudillo, was charged with kidnapping under A.R.S. § 13–491 of the former Criminal Code. A jury found him guilty of false imprisonment by violence. On appeal, the conviction was reversed. We granted review pursuant to A.R.S. § 12–120.24 and Rule 47(b), Rules of the Supreme Court. The memorandum decision of the Court of Appeals is vacated.

FACTS

Having consumed a considerable quantity of alcohol, appellant noticed a girl as he drove along a street in Tucson. Appellant drove alongside the girl and engaged her in conversation.

Unsuccessful in his attempts to entice her into the car, appellant jumped out of the car, grabbed her from behind lifted her off the ground, and attempted to shove her onto the driver's side of the front seat. Initially, the victim resisted by pushing her feet against the floorboard and her hands against the roof. Finally, appellant managed to push her onto the front seat, from which she emerged seconds later by opening the door on the passenger side. The entire encounter lasted only a few minutes.

Pursuant to Rule 23.3, Rules of Criminal Procedure, the trial court instructed the jury that, in the alternative, they could find appellant guilty of one of the included offenses of false imprisonment by violence or

false imprisonment.* The jury returned a verdict of guilty of false imprisonment by violence.

The thrust of appellant's argument is that since forcible kidnapping may be committed by compulsion or duress without using physical force, then false imprisonment by violence is not a necessarily included offense. This position is based on *State v. Belkin*, 26 Ariz.App. 513, 549 P.2d 608 (1976) and *State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978).

In *Belkin, supra*, the Court of Appeals held that the force referred to under the kidnapping statute in question here need not be physical in nature, but could be compulsion or duress sufficient to overcome the resistance of the victim. 26 Ariz.App. at 517, 549 P.2d at 612.

We ruled in *Arnett, supra*, that "violence" was "the exertion of any physical force so as to injure or abuse." 119 Ariz. at 51, 579 P.2d at 555. Consequently, "force" includes "violence" and is broader in scope. It is precisely this liberality of scope, as appellant sees it, that prevents false imprisonment by violence from being an included offense of kidnapping.

Appellant's rationale is as follows: Since false imprisonment by violence is limited to physical force, but kidnapping may be effected by physical force, compulsion, or duress, then not every act of kidnapping will necessarily constitute an act of false imprisonment by violence.

NECESSARILY INCLUDED OFFENSE

In the past our discussions of "included" offenses have been couched in general terms. We feel that a more detailed presentation of this concept is merited in order to avoid confusion.

*In Re Appeal in Maricopa County, Juv. Action No. J–75755*, 111 Ariz. 103, 105, 523 P.2d 1304, 1306 (1974), contains a succinct exposition of the tests for "included" offenses:

This may occur under two circumstances: (1) the included offense is by its very nature always a constituent part of the major offense charged; or (2) the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged. (citation omitted).

The test to determine if an offense is a lesser included offense is whether the first (greater) offense cannot be committed without necessarily committing the second (lesser).

Bearing these tests in mind, we turn to the statute defining false imprisonment under the former Code, A.R.S. § 13–961:

A. False imprisonment is the unlawful violation of the personal liberty of another,

. . . . .

B. If the false imprisonment, . . . is effected by violence, menace, fraud or deceit, it is punishable by imprisonment . . . for not less than one nor more than ten years.

The essence of the offense is the unlawful violation of the personal liberty of another. Although a harsher penalty is provided if this is effected by the methods specified in subsection B, the crux of the offense is the infringement of personal liberty, not the particular means by which it is accomplished.

The kidnapping statute under which appellant was charged, former A.R.S. § 13–491, reads in pertinent part as follows:

A. A person is guilty of a felony who:

1. Forcibly steals, takes or arrests any person in this state, and carries him into another country, state or county, or into another part of the same county.

2. Forcibly takes . . . any person, with a design to take him from this state,

. . . . .

---

* Rule 23.3 states: "Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein, if such attempt is an offense. The defendant may not be found guilty of any offense for which no form of verdict has been submitted to the jury."

3. Hires, persuades, entices, decoys or seduces by false promises, misrepresentations or similar methods any person to go from this state, . . . for the purpose and with the intent to sell such person into slavery . . . or otherwise employ him for his own use, or to the use of another . . . .

B. A person who, being without this state, abducts or takes by force or fraud any person . . . and brings, sends or conveys such person within this state, . . . is guilty of kidnapping.

Analysis of this statute reveals that there is no manner of committing kidnapping thereunder that does not involve a violation of personal liberty—the essence of false imprisonment—and that does not include one or more of the methods enumerated in A.R.S. § 13–961(B), *supra*. We may illustrate the encompassing nature of the kidnapping statute as follows:

| FALSE IMPRISONMENT BY: | KIDNAPPING BY: |
| --- | --- |
| Violence, menace | Force (inclusive of physical force, compulsion, or duress) (A)(1), (2), (B) |
| Fraud, deceit | False promises, misrepresentations, fraud—(A)(3), (B) |

The additional elements of the "greater" offense—kidnapping—are asportation [(A)(1), (B)], intent to remove from the state [(A)(2)], and intent to sell into slavery or employ for one's own use [(A)(3)].

Consequently, every conceivable method of kidnapping pursuant to the statute under which appellant was charged inevitably involves an act of false imprisonment by at least one of the means specified in A.R.S. § 13–961(B).

The gravamen of appellant's argument, however, seeks to narrow the question to the precise method of committing the offense in a particular instance, while ignoring the essence of the offense. In and of themselves, the terms "violence, menace, fraud or deceit" do not constitute an offense under A.R.S. § 13–961(B). Unless they involve a violation of *personal liberty*, there is no offense committed.

We have seen that the kidnapping statute necessarily includes this violation of person-

al liberty and, moreover, encompasses all the means of accomplishing it set forth in the false imprisonment statute.

We hold, therefore, that false imprisonment by violence is a necessarily included offense under the statutes discussed.

## PENALTY

Appellant maintains that he may not be convicted of an offense, even though all the elements thereof are included in the offense charged, unless the penalty of the included offense is less severe. The contention is that since kidnapping and false imprisonment by violence carried the same penalty under the former code—one to ten years— the latter cannot be considered an included offense.

Appellant cites no authority, nor have we found any, for this proposition. Although, coincidentally, an included offense often carries a less severe penalty, we find nothing in the statutes or in our jurisprudence that mandates such a conclusion.

Rule 23.3, Rules of Criminal Procedure (see footnote) speaks of "necessarily included" offenses. We have consistently analyzed an "included" offense according to whether all the elements thereof are present in the offense charged without regard to the comparative penalties. *In re Appeal, supra; State v. Woody*, 108 Ariz. 284, 496 P.2d 584 (1972). The terms "lesser" and "greater" actually refer to the number of elements in the respective crimes because the offense charged must contain all the elements of the included offense plus at least one additional element. *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

Our survey of other jurisdictions reveals that, absent a statute specifically defining and enumerating "greater" and "lesser" offenses in terms of penalties, the test employed is identical to that utilized in Arizona. *Jones v. Virginia*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 435 U.S. 909, 98 S.Ct. 1459, 55 L.Ed.2d 500 (1978); *Carter v. State*, 155 Ind.App. 10, 291 N.E.2d 109 (1973); *People v. Greer*, 30 Cal.2d 589, 184 P.2d 512 (1947).

We hold that, whether the penalty is less or the same, an offense is necessarily included if all the elements thereof are contained within the elements necessary to prove the offense charged.

Having searched the record for fundamental error pursuant to A.R.S. § 13–4035, we find none.

The judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.