671 P.2d 918

STATE of Arizona, Appellee,

v.

Clarence Issac WISE, Jr., Appellant.

No. 1 CA–CR 5683.

Court of Appeals of Arizona, Division 1, Department C.

March 22, 1983.

Rehearing Denied April 21, 1983.

Review Granted May 24, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Cr. Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

BROOKS, Judge.

Appellant (defendant) was charged by information with sexual assault in violation of A.R.S. § 13–1406 with a prior felony conviction. Following a jury verdict of guilty of the lesser included offense of attempted sexual assault, defendant admitted the prior felony conviction and was thereafter sentenced to seven and one-half years imprisonment.

The dispositive issue in this appeal is whether the trial court erred by refusing to instruct the jury on the lesser offense of sexual abuse. While defendant raises a number of other issues, essentially dealing with communications between the court and the jury, we find that the nature of those alleged errors are such that they would not necessarily occur on retrial. In light of our disposition reversing the judgment of conviction, we do not deem it necessary to reach these issues.

The testimony at trial established that defendant and two companions, Calvin Jones and Paul Moss, picked up the victim and her two friends after a concert and offered to give them a ride home. Instead of taking the girls home, however, defendant drove his vehicle to an isolated area where two of the girls were eventually let out of the car to walk home and the other was driven to another nearby location. At this time, the three males and the victim got out of the vehicle.

The victim testified that Paul Moss forced her to lay down on the ground and removed her slacks and pulled her panties to her knees. She further testified that each of the three men then laid down on top of her and attempted sexual intercourse. She testified that there was no doubt in her mind that each of the three males had inserted his penis at least past the vulva. A physician testified that the injuries he observed on the morning after the assault were consistent with injuries following an attempted penetration of the vagina and that there had been trauma to the victim's vulva and hymenal ring. Due to the fact that the hymen was still present, however, he was unable to examine the vagina.

During cross-examination of the victim, her testimony at the preliminary hearing

was offered for impeachment. At the preliminary hearing, she was asked, with respect to the defendant, "could you feel his penis inside of you?" and she replied, "no". She also testified at the preliminary hearing that the defendant had only been on top of her for a few seconds.

Although defendant chose not to testify at trial, his written statement to the investigating officer was received in evidence which, in part, stated:

So I tried to lay down but she said she was a virgin and I couldn't get it in so when I got up Calvin [Jones] tried....

On appeal, defendant argues that the trial court erred by refusing to instruct the jury on the lesser offense of sexual abuse. Both parties, with little discussion and no citation to authority, have assumed that sexual abuse is a lesser included offense of sexual assault. The state, however, argues that defendant failed to request an instruction on sexual abuse and, assuming the request was made, defendant was not entitled to such an instruction because there was no evidence to support it.

We first note that the instruction on sexual abuse was, in fact, requested by defendant and refused by the trial court. Secondly, while both parties to this appeal have assumed that sexual abuse is a lesser included offense of sexual assault, we believe that a closer examination of that issue is required.

The test to determine if an offense is a lesser included one is whether the greater offense cannot be committed without necessarily committing the lesser. *State v. Caudillo,* 124 Ariz. 410, 604 P.2d 1121 (1979); *State v. Teran,* 130 Ariz. 277, 635 P.2d 870 (App.1981).

In Arizona, sexual assault is committed by a person "intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person not his or her spouse without consent of such person." A.R.S. § 13–1406(A). Sexual abuse is committed by a person "intentionally or knowingly engaging in sexual contact with any person not his or her spouse without consent of that person or with any person who

is under 15 years of age and who is not his or her spouse." A.R.S. § 13–1404(A). Obviously, the definitions of "sexual contact" and "sexual intercourse" are of pivotal importance in resolving this issue. Both of these terms are defined in A.R.S. § 13–1401. The definitions, in pertinent part, are as follows:

1. "Oral sexual contact" means oral contact with the penis, vulva or anus.

2. "Sexual contact" means any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast.

3. "Sexual intercourse" means penetration into the penis, vulva or anus by any part of the body or by any object or manual masterbatory contact with the penis or vulva.

Thus, it can be seen that the offense of sexual assault can be committed in three distinct ways: 1) by oral contact with the penis, vulva or anus, 2) by penetration into the penis, vulva or anus by any part of the body or by any object, or 3) by manual masterbatory contact with the penis or vulva. In committing these acts, the question becomes whether they can be committed without necessarily committing the crime of sexual abuse, defined in terms of "sexual contact."

Sexual contact, as noted above, means the direct or indirect "fondling or manipulating" of the genitals, anus, or female breasts. Thus, the legal question, reduced to its basic component, is whether or not a person necessarily directly or indirectly "fondles or manipulates" the genitals or anus in committing the crime of sexual assault. We believe that common sense clearly dictates an affirmative answer.

Having concluded that sexual abuse is a lesser included offense of sexual assault, was it necessary to instruct on it in this case?

Rule 23.3, Rules of Criminal Procedure, 17 A.R.S. states:

Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged....

In *State v. Dugan,* 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980), our Supreme Court

made it clear that the words "necessarily included" found in Rule 23.3 are not synonymous with the words "lesser included." The court observed that an offense may be the lesser included of another offense, but factually, dependent upon the evidence, may or may not be "necessarily included in the greater offense." *Id.* The court, quoting from *Sansone v. United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), noted that:

> [I]f on the facts of a given case there are disputed issues of fact which would enable the jury rationally to find that, although the elements of [the crime charged] have not been proved, all the elements of one or more lesser offenses have been, it is clear that the defendant is entitled to a lesser-included offense charge as to such lesser offenses.

125 Ariz. at 195, 608 P.2d at 772.

The court went on to hold that "[t]he determination which must be made before the lesser included instruction is proper is whether on the evidence the jury could rationally find that the state failed to prove an element of the greater offense." *Id.* at 195–96, 608 P.2d at 772–73. *See also, State v. Clovis,* 127 Ariz. 75, 81, 618 P.2d 245, 251 (App.1980) (where the evidence precludes the jury from reasonably finding that the state failed to prove the distinguishing element of the higher offense, it is not necessary to instruct on a lesser offense, therefore it was not error to deny an instruction on theft where the evidence clearly showed money was taken at gunpoint); *State v. Wilson,* 113 Ariz. 363, 367, 555 P.2d 321, 325 (1976) (defendant entitled to instructions on the lesser offense if a reasonable interpretation of the evidence indicates that he could be guilty of these offenses; however, defendant not entitled to instruction on lesser included offense of "attempt" where evidence only supported commission of crime).

After a careful review of the record in the case at hand, and noting that there was enough of an issue on the fact of penetration that the trial judge instructed on attempted sexual assault and the jury convicted defendant for attempted sexual assault rather than sexual assault, we find that there was sufficient evidence to support the giving of a lesser included offense instruction on sexual abuse. Our Supreme Court has recently noted in *State v. Celaya,* 135 Ariz. 248 at 253, 660 P.2d 849 (1983):

> The option of convicting on a lesser-included offense affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal and ensures the defendant the full benefit of the reasonable-doubt standard. Where a defense theory is reasonably supported by the evidence, it is reversible error not to give it. . . . [citations omitted].

We find that there was reasonable evidence to support the defense theory that there may have been only an unlawful manipulation of the victim's genitals, without penetration and, therefore, an instruction on the lesser included offense of sexual abuse should have been given at his request.

The judgment of conviction is reversed and the case is remanded.

JACOBSON, P.J., and OGG, J., concur.