671 P.2d 909

**STATE of Arizona, Appellee,**

v.

**Clarence Isaac WISE, Jr., Appellant,**

**No. 5901–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 18, 1983.

---

*Inc. v. Ellsworth,* 103 Ariz. 515, 446 P.2d 458 (1968).

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

GORDON, Vice Chief Justice:

Appellant Clarence Issac Wise, Jr. was convicted of attempted sexual assault of a fourteen-year-old in violation of A.R.S. § 13–1406(A). After admitting a prior felony conviction, Wise was sentenced to seven and one-half years imprisonment.[1] Wise appealed his conviction on the ground, *inter alia,* that he had been erroneously denied a jury instruction on sexual abuse, A.R.S. § 13–1404(A). Wise argued that he was entitled to that instruction because sexual abuse is a lesser included offense of sexual assault. The Court of Appeals reversed the conviction based on its conclusions that sexual abuse is a lesser included offense of sexual assault, and that Wise had been entitled to a jury instruction on sexual abuse. We agree with the Court of Appeals. Review was granted in order to expand upon the Court of Appeals' reasoning for its conclusion that in Arizona sexual abuse is a lesser included offense of sexual assault. Jurisdiction is found pursuant to the Ariz. Const. art. 6, § 5(3) and the Ariz.R.Crim.P. 31.19.

It is clear that the test in this state to determine if an offense is a lesser included one is whether the greater offense cannot be committed without necessarily committing the lesser. *State v. Malloy,* 131 Ariz. 125, 639 P.2d 315 (1981); *State v. Seats,* 131 Ariz. 89, 638 P.2d 1335 (1981); *State v. Laffoon,* 125 Ariz. 484, 610 P.2d 1045 (1980). In other words, to be a greater offense, an offense must contain each element of the lesser plus one or more elements not found in the lesser. Given the instant case, the question becomes whether or not one can commit sexual assault without necessarily committing sexual abuse. To answer this question, we must examine the statutory elements of sexual assault and sexual abuse. *See Malloy, supra; Laffoon, supra.*

A.R.S. § 13–1406(A) states that sexual assault is committed by a person

"intentionally or knowingly engaging in *sexual intercourse* or *oral sexual contact* with any person not his or her spouse without consent of such person." (emphasis added.)

Sexual intercourse, defined in A.R.S. § 13–1401(3), means

"penetration into the penis, vulva or anus by any part of the body or by any object or manual masturbatory contact with the penis or vulva,"

and oral sexual contact, defined in A.R.S. § 13–1401(1), means

"oral contact with the penis, vulva or anus."

A.R.S. § 13–1404(A) states that sexual abuse is committed by a person

"intentionally or knowingly engaging in *sexual contact* with any person not his or her spouse without consent of that person or with any person who is under fifteen years of age and who is not his or her spouse." (emphasis added.)

Sexual contact, defined in A.R.S. § 13–1401(2), means

"any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast."

(App.1983).

---

1. A detailed version of the facts can be found in *State v. Wise,* 137 Ariz. 477, 671 P.2d 918

The Court of Appeals concluded, and we agree, that the fundamental legal question is whether or not a person necessarily directly or indirectly "fondles or manipulates" the genitals or anus in committing the crime of sexual assault. However, we find the Court of Appeals' answer, that "common sense clearly dictates an affirmative answer," inadequate. We find that the clear language of the statute, not just common sense, dictates an affirmative answer.[2]

■ The state, in its opposition to appellant's motion for rehearing at the Court of Appeals, argued that one may commit sexual assault without necessarily "fondling" or "manipulating" the victim's vulva, anus or breast. The state based its argument on its interpretation of the definitions of "fondling" and "manipulating" found in the *Random House Dictionary of the English Language* (1966).[3] Our reading of these definitions leads us to conclude that sexual assault cannot be committed without committing sexual abuse. A person cannot penetrate a victim's penis, vulva or anus without manipulating the victim's genitals or anus.

The *Random House Dictionary,* at pages 551 and 872, provides us with the following definitions:

Fondle: "to handle or touch lovingly affectionately, or tenderly; caress: *to fondle a precious object; to fondle a child.*" (emphasis in original)

Manipulate: "to handle, manage, or use, esp. with skill, in some process of treatment, or performance: *to manipulate a tractor.*" (emphasis in original)

Though "penetration into the penis, vulva or anus by any part of the body or by any object" and "oral contact with the penis, vulva or anus" need not involve fondling, each necessarily involves manipulation of "[a] part of the genitals [or] anus * * *." By thrusting an erect penis, or a broomstick for that matter, into a vulva, a person "uses" the victim's vulva "in some * * * performance". Though fondling denotes tenderness or gentleness, manipulating does not.

■ Furthermore, if "fondling" and "manipulating" denoted the same activity, the Legislature would have had no reason to use both. In interpreting statutes, we assume the Legislature avoids redundancy in favor of concision. *See State Board of Technical Registration v. McDaniel,* 84 Ariz. 223, 236, 326 P.2d 348, 357 (1958) ("It is * * well settled that construction of a statute should be favored which will render every word operative rather than a construction which makes some words idle and nugatory."); *City of Mesa v. Killingsworth,* 96 Ariz. 290, 394 P.2d 410 (1964); *In re Estate of O'Brien,* 18 Ariz.App. 375, 502 P.2d 176 (1972).

■ We approve, as modified herein, the Court of Appeals' decision that sexual abuse is a lesser included offense of sexual assault, and approve the Court of Appeals' opinion as to appellant's right to an instruction on sexual abuse. The trial court's judgment of conviction is reversed and the case is remanded.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

**2.** The fact that a person may be convicted of sexual abuse because the victim was under fifteen years of age, whereas the victim's age is irrelevant under sexual assault, does not mean sexual abuse is not a lesser included offense of sexual assault. It simply means that where the victim is under fifteen years of age, the state, to prove sexual assault rather than sexual abuse, must prove penetration *and* lack of consent. Where the victim is fifteen years of age or older, penetration alone must be proved to raise the offense from sexual abuse to sexual assault because lack of consent is, in that case, an element of sexual abuse.

**3.** It is clear that words and phrases in statutes shall be given their ordinary meaning unless it appears from context or otherwise that a different meaning is intended. *McIntyre v. Mohave County,* 127 Ariz. 317, 620 P.2d 696 (1980); *see also,* A.R.S. § 1–213. Because neither "fondling" nor "manipulating" are defined in the statute, and because there is no indication that the Legislature intended that either word be given an extraordinary meaning, reference to an established, widely respected dictionary for the ordinary meaning of these words is acceptable.