[Civ. No. 41821. First Dist., Div. Three. May 1, 1978.]

In re STANLEY E., a Person Coming Under the Juvenile Court Law.
ERNEST R. MORETTON, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
STANLEY E., Defendant and Appellant.

**COUNSEL**

Paul N. Halvonik, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, B. E. Bergesen III and Joel Kirshenbaum, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy H. Reardon and Ina Levin Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JENKINS, J.**\*—This is an appeal from a juvenile court commitment based upon a finding that appellant had committed extortion. (Pen. Code, § 518.)

On May 18, 1977, a petition was filed alleging that appellant came within the provisions of Welfare and Institutions Code section 602 (Juvenile Court Law). The petition alleged one count of violating Penal Code section 487, subdivision 2 (grand theft from the person) and one count of violating Penal Code section 211 (robbery), and acknowledged that the two counts were alternative statements of the same offense.

At the jurisdictional hearing on June 3, 1977, the court found the grand theft allegation to be "not true" but found that appellant had committed "extortion, a lesser included offense of 211 P.C., CT II (robbery)."

### STATEMENT OF FACTS

Jim S. testified that about 11 boys in Natividad Boys Ranch, including himself and appellant, went to the King City fair on May 12, 1977. At the fair, appellant asked Jim for $1, which Jim gave to him, "because [he] wanted to give him a dollar." He wasn't afraid at that time. About 20 minutes later appellant asked Jim for more money, but he refused.

A little later, both appellant and Darrell J. "were hassling [Jim], tapping [his] pockets and stuff" to see if he had money. When Jim refused them money "they told [him] they were going to beat [his] ass." Jim was not sure which had said that.

Appellant and Darrell kept asking for money and appellant said he wasn't kidding around. Jim was "kind of scared." He then gave Darrell a dollar in exchange for a quarter, so that another boy, Tony W., could go for a ride. He gave it to Darrell because he was afraid and Darrell had asked for it.

The trial court found extortion based upon the joint action of Darrell and appellant in obtaining the 75 cents for Tony's ride.

*Assigned by the Chairperson of the Judicial Council.

I. *Is extortion a lesser included offense to the charge of robbery as charged in the petition?*

Penal Code section 1159 authorizes "The jury, or the judge if a jury trial is waived, [to] find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged . . . ."

Conviction of an offense neither charged nor necessarily included in the charged offenses violates the defendant's due process rights. (See *People* v. *Serrato* (1973) 9 Cal.3d 753, 758 [109 Cal.Rptr. 65, 512 P.2d 289]; *In re Hess* (1955) 45 Cal.2d 171, 174-175 [288 P.2d 5]; see generally *Recent Developments in the Criminal Law: The Included Offense Doctrine in California,* 10 UCLA L.Rev. 870, 893-903.) These principles apply to proceedings under the Juvenile Court Law as well as to adult criminal defendants. (See *In re Dana J.* (1972) 26 Cal.App.3d 768, 772-773 [103 Cal.Rptr. 21]; *In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345].)

"Two different types of necessarily included offenses have been recognized in this state. First, where one offense cannot be committed without committing another offense, the latter offense is a necessarily included offense. [Citation.] Second, a lesser offense is necessarily included if it is within the offense specifically charged in the accusatory pleading, as distinguished from the statutory definition of the crime. [Citations.]" (*People* v. *St. Martin* (1970) 1 Cal.3d 524, 536 [83 Cal.Rptr. 166, 463 P.2d 390].)

The statutory definition of robbery is: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) The statutory definition of extortion is: "Extortion is the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right." (Pen. Code, § 518.) The crime charged in the petition in this case was stated as follows: "That said minor Stanley E. . . . did commit the crime of Violation of the California Penal Code Section 211 a Felony committed as follows: that at said time and place thessaid [*sic*] minor did willfully [*sic*], unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of James S."

Appellant contends that the extortion is not a lesser included offense to either the statutory definition of robbery or the allegations of the petition. Respondent refers only to the language of the petition, arguing that the pleading gave appellant sufficient notice to defend against the evidence of extortion.

■ Absent case authority, general principles for determining the existence of lesser included offenses must be applied. The test for a lesser included offense, approved in *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456], a case involving conviction for a crime not directly charged, has been stated in the following terms:

"In determining when a lesser offense is a necessarily included one, it was said in *People* v. *Whitlow*, 113 Cal.App.2d 804 [249 P.2d 35] at page 806: ' "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer*, 30 Cal.2d 589, 596 [184 P.2d 512].)

" 'If, in the commission of acts made unlawful by one statute, the offender must always violate another, the one offense [i.e., the latter] is necessarily included in the other. (*People* v. *Krupa*, 64 Cal.App.2d 592, 598 [149 P.2d 416].)

" 'Thus, before a lessor [*sic*] offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. (*People* v. *Greer, supra.*)' (See also *In re Hess*, 45 Cal.2d 171, 174 [288 P.2d 5]; *People* v. *Kehoe, supra*, 33 Cal.2d 711, 713 [204 P.2d 321].)" (*People* v. *Thomas* (1962) 58 Cal.2d 121, 128 [23 Cal.Rptr. 161, 373 P.2d 97].)

■ As can be seen from the statutes defining robbery and extortion, the two crimes are distinguished by the fact that in extortion the property is taken with the victim's consent whereas in robbery it is taken against his will. Case law supports this distinction. (See *People* v. *Beggs* (1918) 178 Cal. 79 [172 P. 152]; *People* v. *Anderson* (1922) 59 Cal.App. 408, 426 [211 P. 254]; *People* v. *Peck* (1919) 43 Cal.App. 638, 643 [185 P. 881].) ■ Applying the above test to the statutory definition it is clear that extortion is not necessarily included within the crime of robbery. Robbery can occur without the consent of the victim, a necessary legal ingredient of the corpus delicti of the offense of extortion (see *People* v.

*Francisco* (1931) 112 Cal.App. 442 [297 P. 34], where failure to plead consent was error, but nonprejudicial under the circumstances).

■ Though extortion may not be included within the statutory definition of robbery, it may still be a lesser included offense to the specific allegations of the petition.

In *People* v. *Anderson* (1975) 15 Cal.3d 806, 809 [126 Cal.Rptr. 235, 543 P.2d 603], the court described the approach as follows: "In determining whether one crime is a lesser included offense of another, courts ordinarily look to the specific language of the accusatory pleading rather than the statutory definition of the greater crime. (*People* v. *Thomas* (1962) 58 Cal.2d 121, 128 [23 Cal.Rptr. 161, 373 P.2d 97]; *People* v. *Marshall, supra,* 48 Cal.2d 394, 397, 405.)" The *Anderson* court found that tampering with a vehicle (Veh. Code, § 10852) was a lesser included offense to grand theft-auto (Pen. Code, § 484, subd. (a); Pen. Code, § 487, subd. 3).

More often, however, courts applying the test of *Marshall* have found that the offenses in question were not included within the charged offense. In *People* v. *Clenney* (1958) 165 Cal.App.2d 241 [331 P.2d 696], for instance, the court found that reckless driving (Veh. Code, § 505, subd. (a)) was not a necessarily included offense to drunk driving (Veh. Code, § 501). Had the terms "to wit violation of Vehicle Code section 505, subdivision (a)" been added after the allegation of violation of law while driving drunken, that offense would necessarily have been included.

Similarly, in *People* v. *Harris* (1961) 191 Cal.App.2d 754 [12 Cal.Rptr. 916], criminal trespass (Pen. Code, § 602, subd. (j)) was not a lesser included offense to burglary, even though the burglary charge alleged the specific intent to commit theft. The intent to steal in theft did not necessarily include the intent to injure property or to injure the business carried on by the possessor. (See also *People* v. *Leech* (1965) 232 Cal.App.2d 397 [42 Cal.Rptr. 745]; *People* v. *Escarcega* (1974) 43 Cal.App.3d 391, 398 [117 Cal.Rptr. 595].)

A distinguishing feature in these cases is that in order to have found that the offense for which the defendant was convicted was included within the charged offense the charging information would have required an additional allegation limiting the scope of the charge. In *Clenney,* addition of mention of the specific code section for reckless driving would

have been required. In *Harris,* clarification of the intent to include an intent to injure business of the possessor would have been needed. In *Leech,* adding that the assault was performed by exhibiting a firearm in a rude, angry, or threatening manner would have sufficed.

In this case, by contrast, the People rely upon the fact that the charging allegation was sufficiently general to encompass the crime of extortion. By alleging neither that the property was taken against the victim's will nor that it was taken with the victim's consent, the information is asserted to be sufficient to sustain a conviction for either robbery or extortion. Application of the theory of the People's position to its logical conclusion (*reductio ad absurdum*) would result in finding that the allegation that the defendant had "committed a crime" could be used to support conviction for any crime. All would be necessarily included within the general charging allegation.

The petition here charged only a violation of Penal Code section 211 (robbery), added some of the statutory elements of that crime, and contained none of the "consent" requirements of Penal Code section 518 (extortion). Such language does not meet the test of *Marshall* or *Anderson, supra,* and due process does not permit stretching that doctrine as suggested by respondent. The trial court erred in finding that appellant had committed extortion, that crime not having been charged, and not constituting a lesser offense to the charged crime. ■ In addition, appellant's conviction on the extortion charge, erroneously considered to be a necessarily included offense to the robbery charge, constituted an acquittal on the robbery charge. (*In re Hess* (1955) 45 Cal.2d 171, 176 [288 P.2d 5]; *In re James M.* (1973) 9 Cal.3d 517, 520 [108 Cal.Rptr. 89, 510 P.2d 33].)

In view of the foregoing, the issue of substantial evidence raised by appellant in its briefs need not be reached.[1]

The judgment below is reversed.

Scott, Acting P. J., and Feinberg, J., concurred.

---

[1]This court notes that the trial court finds itself in the unenviable position of trying to be lenient to the defendant, with a result now which is contra to the way in which it saw the evidence.