FILED
United States Court of Appeals
Tenth Circuit

November 2, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOHN ROBERT DURAN,

     Defendant - Appellant.

No. 17-5087
(D.C. Nos. 4:16-CV-00323-GKF-TLW and
4:09-CR-00040-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.
_____

John Duran appeals the district court's order denying his 28 U.S.C. § 2255

motion. In doing so, he mounts a two-part attack. First, Duran asserts that in 2009,

the sentencing court ordered him to serve an enhanced prison sentence under the

residual clause of the Armed Career Criminal Act (ACCA) of 1984, 18 U.S.C.

§ 924(e)(2)(B)(ii). And as he points out, the Supreme Court subsequently declared

that residual clause unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct.

2551, 2557 (2015). Second, Duran alleges that he doesn't qualify for an enhanced

sentence under the ACCA's elements clause, *see* § 924(e)(2)(B)(i), or its enumerated-

offenses clause, *see* § 924(e)(2)(B)(ii), which both remain intact post-*Johnson*. *See*

_____

[*] This order and judgment isn't binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

135 S. Ct. at 2563. Thus, he maintains, the sentencing court's *Johnson* error wasn't harmless, and the district court erred in concluding otherwise and in denying his § 2255 motion on that basis.

We need not address whether a *Johnson* error occurred here because—for the reasons discussed below—we agree with the district court that any such error was harmless. Accordingly, we affirm.

**Background**

In 2009, Duran pleaded guilty to one count each of possessing a firearm in furtherance of a crime of violence and possessing a firearm and ammunition after a felony conviction. *See* 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i), 924(e)(1).

At the time of his 2009 sentencing, Duran had six prior Oklahoma convictions for robbery by fear. *See* Okla. Stat. Ann. tit. 21, § 791 (defining robbery, in relevant part, as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of . . . fear"), *id.* § 794 (defining requisite fear to include both fear of injury to person and fear of injury to property).

Duran stipulated that Oklahoma robbery by fear constituted a "violent felony" for ACCA purposes. Thus, the sentencing court imposed the ACCA's mandatory minimum sentence of 15 years in prison. *See* § 924(e)(1), (e)(2)(B) (imposing mandatory minimum sentence for offenders with three or more violent-felony convictions). But in light of Duran's stipulation, the sentencing court found it unnecessary to specify whether it determined that robbery by fear satisfied the

ACCA's elements clause, *see* § 924(e)(2)(B)(i) (defining violent felony, in relevant part, as offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), the ACCA's enumerated-offenses clause, *see* § 924(e)(2)(B)(ii) (defining violent felony, in relevant part, as offense that "is burglary, arson, or extortion, [or] involves use of explosives"), or the ACCA's residual clause, *see* § 924(e)(2)(B)(ii) (defining violent felony, in relevant part, as offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").

Six years later, the Supreme Court struck down the last of these three clauses—the residual clause—as unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. Eleven months after that, Duran filed a motion to vacate his sentence under § 2255. In that motion, Duran argued that Oklahoma robbery by fear doesn't constitute a violent felony post-*Johnson* and that he is therefore entitled to resentencing.

The district court disagreed. In doing so, it first rejected the government's assertion that Duran couldn't demonstrate a *Johnson* error occurred—i.e., that the sentencing court actually relied on the residual clause to classify robbery by fear as a violent felony—simply because "the record [wa]s silent" on this point. R. vol. 1, 126 n.1. Instead, the district court concluded that under those circumstances, Duran had no burden to show that the sentencing court actually relied on the ACCA's residual

3

clause.[1] Thus, the district court assumed from the silent record that a *Johnson* error occurred and proceeded to ask whether that error was harmless. That is, the district court proceeded to analyze whether robbery by fear continues to constitute a violent felony post-*Johnson* under either the ACCA's elements clause or its enumerated-offenses clause.

In answering the harmless-error question, the district court first noted that under Oklahoma law, one can commit robbery by fear via fear of injury to a person or via fear of injury to property. §§ 791, 794. And Duran didn't dispute that robbery by fear of injury to a *person* satisfies the ACCA's elements clause. Instead, the district courted noted, Duran argued only that robbery by fear of injury to *property* neither (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," as required by § 924(e)(2)(B)(i)'s elements clause, nor (2) "is burglary, arson, or extortion, [or an offense that] involves use of explosives," as required by § 924(e)(2)(B)(ii)'s enumerated-offenses clause. Thus, Duran argued below, robbery by fear isn't categorically an ACCA predicate because at least some conduct covered by § 791 doesn't satisfy § 924(e)(2)(B) post-*Johnson*. *See United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017) ("'[I]f the statute

---

[1] We have since held otherwise. *See United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018) (holding that "burden is on the defendant to show by a preponderance of the evidence" that sentencing court relied on residual clause). But because we ultimately agree with the district court that any *Johnson* error that occurred here was harmless, we need not address whether Duran has carried his burden of demonstrating that such an error indeed occurred. Instead, we may simply assume for the sake of argument that Duran can make that showing; even with the benefit of that assumption, he isn't entitled to relief.

4

[of conviction] sweeps more broadly' than the ACCA definition—that is, if some conduct would garner a conviction but would not satisfy the definition—then any 'conviction under that law cannot count as an ACCA predicate.'" (first alteration in original) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013))).

Citing this court's opinion in *United States v. Castillo*, 811 F.3d 342 (10th Cir. 2015), *superseded by regulation as recognized in United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017), the district court disagreed.

In *Castillo*, the defendant argued that California robbery by fear doesn't constitute "a 'crime of violence' for purposes of a sentencing enhancement under § 2L1.2 of the United States Sentencing Guidelines" (the Guidelines) because, according to the defendant, (1) the requisite fear may be fear of injury to a person *or* fear of injury to property, and (2) robbery by fear of injury to property doesn't constitute a crime of violence. *Castillo*, 811 F.3d at 344, 346 (quoting U.S.S.G. § 2L1.2(b)(1)(A)(ii)). We rejected that argument, reasoning that when robbery by fear is "achieved through threats to a person," it "meets the generic robbery definition." *Id.* at 347. And when robbery by fear is instead "based on a threat to property," it "corresponds to generic extortion." *Id.* Accordingly, we concluded, "all conduct that falls within" California's statutory definition of robbery by fear "'matches the generic version' of an enumerated offense," thus rendering robbery by fear a crime of violence for purposes of § 2L1.2. *Id.* at 349 & n.2 (quoting *Descamps*, 570 U.S. at 264).

5

Applying that same logic here, the district court first reasoned that Oklahoma's statutory definition of "[r]obbery by fear of unlawful injury to a person satisfies the ACCA's elements clause." R. vol. 1, 130. Next, it concluded that Oklahoma's statutory definition of robbery fear of injury to property "qualifies as a violent felony because—as in *Castillo*—it corresponds to extortion, which is an enumerated offense in the ACCA." *Id.* "As a result," the district court ruled, robbery by fear "categorically qualif[ies] as [a] violent felon[y]," thus rendering any *Johnson* error harmless. *Id.* at 131.

Based on this conclusion, the district court denied Duran's § 2255 motion. Duran appeals.

**Analysis**

In determining whether a § 2255 petitioner is entitled to relief under *Johnson*, our inquiry typically unfolds in two steps. At the first step, we ask whether the sentencing court relied on the residual clause in imposing an enhanced ACCA sentence. If so, then we proceed to the second step and ask whether the sentencing court's *Johnson* error was harmless. *See United States v. Lewis*, 904 F.3d 867, 872–73 (10th Cir. 2018).

But for the reasons discussed above, *see supra* n.1, our inquiry in this case begins—and, as it turns out, ends—with the second of these two steps. That is, we decline to resolve whether the sentencing court relied on the residual clause to classify Oklahoma robbery by fear as a violent felony. Instead, we simply assume that it did and proceed directly to the harmless-error question: whether Oklahoma

6

robbery by fear continues to constitute a violent felony under the ACCA post-*Johnson*.

Duran urges us to answer this question in the negative. In support, he advances three distinct arguments. All three are subject to de novo review. *See United States v. Ridens*, 792 F.3d 1270, 1272 (10th Cir. 2015).

First, Duran alleges that the district court erred in dividing robbery by fear into two separate offenses (robbery by fear of injury to a person and robbery by fear of injury to property) and then classifying each offense as a violent felony under a separate ACCA clause. That's because, according to Duran, the ACCA doesn't permit such "[c]onjunctive [r]eliance" on two different ACCA clauses to classify a single offense as a violent felony. Aplt. Br. 18. Second, Duran asserts that even assuming the district court properly divided robbery by fear into two separate offenses and applied a different ACCA clause to each, it nevertheless erred in concluding that robbery by fear of injury to property categorically satisfies the enumerated-offenses clause. Third, Duran insists that the modified categorical approach is unavailable. Thus, he concludes, we must reverse the district court's order denying his § 2255 motion and remand with instructions to resentence him without the ACCA enhancement.

We reject Duran's first and second challenges to the district court's harmlessness ruling and conclude, for the reasons discussed below, that robbery by fear categorically constitutes a violent felony post-*Johnson*. Accordingly, we decline to address whether, as Duran asserts in his final challenge, the modified categorical

7

approach applies. *Cf. Castillo*, 811 F.3d at 349 n.2 (explaining that when offense categorically constitutes crime of violence for purposes of § 2L1.2, "[a]pplication of the modified categorical approach is . . . neither necessary nor . . . appropriate").

## I.  Conjunctive Reliance

In classifying Oklahoma robbery by fear as a violent felony, the district court divided robbery by fear into two separate crimes (robbery by fear of injury to a person and robbery by fear of injury to property) and determined that each of those offenses constitutes a violent felony under a different ACCA clause. In doing so, the district court relied on our opinion in *Castillo*, where we took a similar approach to determine that California robbery by fear constitutes a crime of violence for purposes of § 2L1.2. *See* 811 F.3d at 344, 346–47. But as Duran points out, *Castillo* doesn't provide a perfect analogy.

In *Castillo* we began, just as the district court did here, by dividing robbery by fear into two separate crimes: robbery by fear of injury to a person and robbery by fear of injury to property. *See id.* at 346. And we then concluded that each of those separate crimes categorically constitutes a crime of violence for purposes of § 2L1.2. But in doing so, we didn't classify one of those offenses as a crime of violence under § 2L1.2's enumerated-offenses clause, *see* § 2L1.2 cmt. n.1(2) (defining crime of violence, in relevant part, as "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, [or] the use or unlawful possession of a firearm . . . or explosive material"), and the other as a crime of violence under § 2L1.2's elements clause, *see id.* (defining crime of violence, in

8

relevant part, as "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another").[2] Instead, we held that robbery by fear of injury to persons and robbery by fear of injury to property both satisfy § 2L1.2's enumerated-offenses clause because the former corresponds with generic robbery and the latter corresponds with generic extortion. *Castillo*, 811 F.3d at 347.

Here, on the other hand, the district court applied two *separate* ACCA clauses—the elements clause and the enumerated-offenses clause, respectively—to determine that robbery by fear categorically constitutes a violent felony post-*Johnson*. According to Duran, this was error.

In support, Duran notes that Congress opted to separate the ACCA's elements clause from its enumerated-offenses clause with the disjunctive "or," rather than the conjunctive "and." *See* § 924(e)(2)(B)(i)–(ii) (defining "violent felony," in relevant part, as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another[] *or* . . . is burglary, arson, or extortion, [or] involves use of explosives" (emphasis added)). By choosing to link these two definitional clauses with "or" rather than "and," Duran insists, Congress expressed its

---

[2] "Given 'the similarity in language between the ACCA and [the Guidelines], we have occasionally looked to precedent'" that interprets the latter "for guidance" in interpreting the former. *United States v. Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010) (quoting *United States v. Hernandez*, 568 F.3d 827, 830 n.3 (10th Cir. 2009)) (relying on "line of cases interpreting" § 2L1.2(b)(1)(A)(ii) to determine whether offense at issue constituted ACCA predicate), *abrogated on other grounds by Mathis v. United States*, 136 S. Ct. 2243 (2016).

"intent that [the] two criteria cannot be combined to create a two-part standard that is used to determine whether a single conviction is [for] a violent felony." Aplt. Br. 19.

We disagree. As Duran's argument implicitly recognizes, Congress hardly had before it a buffet of linguistic options from which to choose in deciding how to separate the ACCA's elements clause from its enumerated-offenses clause. By selecting "or" rather than "and" from the limited menu of conjunctions available to it, Congress merely expressed that an offense need not satisfy both the elements clause *and* the enumerated-offenses clause to constitute a violent felony. *See Taylor v. United States*, 495 U.S. 575, 597 (1990) (explaining that Congress intended for ACCA's enumerated offenses to constitute violent felonies "*even though*, considered solely in terms of their statutory elements, they do not necessarily" satisfy elements clause) (emphasis added)). In other words, if Congress had used "and" instead of "or," then an offense would have to satisfy *both* clauses before it would constitute an ACCA predicate. And in that case, offenses the Supreme Court has identified as quintessential violent felonies—such as murder, forcible rape, and assault with a deadly weapon—wouldn't qualify as ACCA predicates because they don't satisfy the enumerated-offenses clause; such crimes, after all, aren't "burglary, arson, or extortion, [or offenses that] involve[] use of explosives." § 924(e)(2)(B)(ii); *see also Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010).

Thus, we reject Duran's argument that Congress's decision to use "or" rather than "and" to separate the ACCA's definitional clauses is indicative of Congress's intent to foreclose the kind of "[c]onjunctive [r]eliance" the district court engaged in

10

here. Aplt. Br. 18. Instead, we conclude that in drafting § 924(e)(2)(B), Congress used "or" in its "'inclusive' sense ('A or B [or both]')" rather than in its "'exclusive' sense ('A or B [but not both]')."[3] *Shaw v. Nat'l Union Fire Ins. Co.,* 605 F.3d 1250, 1254 n.8 (11th Cir. 2010) (quoting Maurice B. Kirk, *Legal Drafting: The Ambiguity of "And" and "Or"*, 2 Tex. Tech. L. Rev. 235, 237–38 (1971)). That is, by using "or" rather than "and," Congress intended only to express that an offense constitutes a violent felony so long as it (1) satisfies the ACCA's elements clause *or* (2) satisfies the ACCA's enumerated-offenses clause *or* (3) satisfies both the ACCA's elements clause *and* its enumerated-offenses clause.

Nothing about the approach the district court took here violates that intent. Perhaps more importantly, nothing about that approach required the district court to look beyond the statutory elements of Duran's offenses to the facts underlying his convictions. *Cf. Descamps*, 570 U.S. at 261 ("Sentencing courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not*

---

[3] Duran asserts that because "or" can have multiple meanings, § 924(e)(2)(B) is ambiguous and we must interpret that ambiguity in his favor. *See United States v. Santos*, 553 U.S. 507, 514 (2008) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them."). But Duran neglects to provide a "precise reference in the record where" this rule-of-lenity argument "was raised and ruled on" below. 10th Cir. R. 28.2(C)(2). And he likewise neglects to argue that the district court's failure to apply the rule of lenity satisfies the plain-error test. Accordingly, we treat this argument as waived and decline to consider it. *See United States v. Kearn*, 863 F.3d 1299, 1313 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2025 (2018). Nevertheless, we note in passing that this argument would face an uphill battle even if it were properly before us. *See United States v. Venturella*, 391 F.3d 120, 133 (2d Cir. 2004) ("[W]e are confronted not with a grievous ambiguity in a statute but, rather, with a word susceptible to two meanings, one, which in context is absurd, and the other, which in context is consistent with . . . [c]ongressional expectations. The rule of lenity is inapplicable.").

'to the particular facts underlying those convictions.'" (quoting *Taylor*, 495 U.S. at 600)). Instead, the district court's approach went directly to the heart of the appropriate inquiry: it asked whether, based solely on the elements of the offense, any "conduct that would be a crime under [§ 791] would not be a violent felony under the ACCA." *Titties*, 852 F.3d at 1265. Accordingly, we conclude that in determining whether robbery by fear remains a violent felony post-*Johnson*, the district court permissibly divided the offense into two separate crimes and applied a different ACCA clause to each.

But that doesn't end our inquiry. According to Duran, one of those two offenses doesn't categorically constitute a violent felony. We turn to that argument next.

## II.     Robbery by Fear of Injury to Property and Generic Extortion

In concluding that robbery by fear remains a violent felony post-*Johnson*, the district court concluded that one of its two component parts—robbery by fear of injury to property—is the equivalent of generic extortion. *See Descamps*, 570 U.S. at 257 (explaining that crime categorically satisfies enumerated-offenses clause if elements of statute defining that crime "are the same as, or narrower than" elements of its generic counterpart). Duran advances two challenges to that conclusion. Both are foreclosed by *Castillo*, 811 F.3d 342.

First, Duran asserts that robbery by fear of injury to property is broader than generic extortion because, according to Duran, generic extortion requires proof of an *actual threat* to cause injury to property, but robbery by fear of injury to property has

12

no such actual-threat requirement. Instead, Duran alleges, *any* "fear of injury to property" will satisfy § 741, regardless of whether that fear is induced by an actual threat or by some other means.[4] Aplt. Br. 23.

In support, Duran cites Justice Scalia's dissent in *James v. United States*, 550 U.S. 192 (2007), *overruled by Johnson*, 135 S. Ct. 2551, for the proposition that generic extortion is "the obtaining of something of value from another, with his consent, induced by the wrongful use or threatened use of force against the person or property of another." 550 U.S. at 223–24 (Scalia J., dissenting). But the majority in *James* vociferously declined to adopt this definition. *See id.* at 209 (majority opinion) (accusing dissent of "unnecessarily decid[ing] an important question that the parties ha[d] not briefed (the meaning of the term 'extortion' in § 924(e)(2)(B)(ii))" and of doing so "in a way that [was] hardly free from doubt"); *id.* at 210 (characterizing dissent's interpretation of "extortion" as "unnecessary . . . and inadvisable"; pointing out that parties didn't brief issue; and stating that dissent's "proposed interpretation [was] hardly beyond question" and "entirely novel").

More importantly, we indicated in *Castillo* that the generic definition of extortion "involves 'obtaining something of value from another with his consent induced by the wrongful use of force, fear, *or* threats." 811 F.3d at 346 (emphasis added) (quoting *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003)).

---

[4] We assume without deciding that Duran is correct in asserting § 741 isn't restricted solely to fear induced by actual threats. Even with the benefit of that assumption, Duran's argument fails; as we explain in the text, the same is true of generic extortion.

13

Thus, even if we assume that robbery by fear doesn't require proof of an actual threat, the same is true of generic extortion as we have previously defined that offense. *See id.* Accordingly, under *Castillo*, this argument doesn't provide us with a basis for concluding that robbery by fear of injury to property is broader than generic extortion.

Second, Duran points out that although the consent of the victim is an element of generic extortion, it is not an element of robbery by fear. *Compare id.* (defining extortion as "obtaining something of value from another *with his consent* induced by the wrongful use of force, fear, or threats" (emphasis added) (quoting *Scheidler*, 537 U.S. at 409)), *with* § 791 (defining robbery, in relevant part, as "a wrongful taking of personal property in the possession of another . . . and *against his will*, accomplished by means of . . . fear" (emphasis added)).[5] Thus, Duran asserts, § 741's definition of robbery by fear of injury to property covers a broader swath of criminal conduct than does the definition of generic extortion. *See Titties*, 852 F.3d at 1266 (explaining that when "'statute [of conviction] sweeps more broadly' than the ACCA definition . . . then any 'conviction under that law cannot count as an ACCA predicate'" (quoting *Descamps*, 570 U.S. at 261)); *United States v. Bercier*, 192 F. Supp. 3d 1142, 1152 (E.D. Wash. 2016) (concluding that Washington second-degree robbery doesn't correspond with generic extortion because latter requires proof of victim's consent but former "criminalizes non-consensual takings").

---

[5] Indeed, as Duran correctly notes, this is precisely what distinguishes robbery from extortion under Oklahoma law. *See Connard v. State*, 35 P.2d 278, 279 (Okla. Crim. App. 1934).

This argument is also foreclosed by *Castillo*. There, the defendant asserted that California robbery by fear of injury to property doesn't correspond with generic extortion because the former "requires a taking of property against the victim's will, whereas" the latter "requires a taking 'with [the victim's] consent.'" 811 F.3d at 348 (alteration in original) (quoting Brief for Appellant at 17, *Castillo*, 811 F.3d 342 (No. 14-4129), 2015 WL 401589, at *17). We rejected that argument, stating, "We see no meaningful difference in this context between a taking of property accomplished against the victim's will and one where the victim's consent is obtained through force or threats." *Id.* Critically, we were unable to discern any such "meaningful difference" despite the fact that California—like Oklahoma—treats the victim's consent as the distinguishing characteristic between robbery and extortion. *Id.*; *see also Moretton v. Stanley E. (In re Stanley E.)*, 146 Cal. Rptr. 232, 234 (Cal. Ct. App. 1978) ("As can be seen from the statutes defining robbery and extortion, the two crimes are distinguished by the fact that in extortion the property is taken with the victim's consent whereas in robbery it is taken against his will."); *id.* ("[I]t is clear that extortion is not necessarily included within the crime of robbery. Robbery can occur without the consent of the victim, a necessary legal ingredient of the corpus delicti of the offense of extortion.").

We remain bound by *Castillo* to reject Duran's consent argument. *See United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008). And because Duran identifies no other basis upon which we might conclude that robbery by fear of injury to property is broader than generic extortion, we hold that the former categorically

15

constitutes a violent felony under the enumerated-offenses clause. Thus, we decline to address Duran's assertion that we cannot apply the modified categorical approach to resolve this appeal. *Cf. Castillo*, 811 F.3d at 349 n.2 (explaining that when offense categorically constitutes crime of violence for purposes of § 2L1.2, "[a]pplication of the modified categorical approach is . . . neither necessary nor . . . appropriate").

## Conclusion

The district court didn't err when it divided robbery by fear into two separate offenses—robbery by fear of injury to persons and robbery by fear of injury to property—and applied a different ACCA clause to each. Nor did it err in determining that robbery by fear of injury to property categorically corresponds to generic extortion and thus satisfies the enumerated-offenses clause. Moreover, Duran doesn't dispute that robbery by fear of injury to persons satisfies the elements clause. Accordingly, the district court correctly concluded that any *Johnson* error was harmless and denied Duran's § 2255 motion on that basis. We affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge

16